

**Elizabeth Shieldkret**
Attorney at Law

67-20 Exeter Street
Forest Hills, NY 11375

Phone: (718) 997-0290    Email: es@eshieldkret.com
Fax:   (718) 997-0291    Web: www.eshieldkret.com

November 5, 2018

By ECF

Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court for the
    Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

Re: *Kairam v. West Side GI*,
18 Civ. 1005 (AT)(SDA)

Dear Judge Aaron:

We write jointly pursuant to the Court's October 1, 2018 Order (Doc. 75) to provide the status of discovery in this action.

Plaintiff's Statement
 1. Procedural History
Defendant sought to stay discovery during the pendency of the Rule 12 Motion. (*See, e.g.,* Doc. 25, p. 4). Defendant again raised this issue before Judge Torres at the Rule 16 Conference, asking for a full stay or alternatively a partial stay. Judge Torres denied both of Defendant's requests and ruled that Defendant should proceed with discovery during the pendency of the Rule 12 Motion.

 2. Defendant Has Still Not Responded to Document Requests
Defendant then missed every deadline under Rules 33 and 34 to respond to Plaintiff's discovery requests. Plaintiff asked for a date certain on which Defendant would respond to all of Plaintiff's outstanding discovery requests.

On October 1, 2018, the Court ordered:

> The Court hereby extends Defendant's time to respond to Plaintiff's outstanding discovery requests and interrogatories until October 15, 2018. Defendant shall schedule its witness depositions to occur promptly thereafter. The parties shall file a joint letter regarding the status of discovery on November 5, 2018. SO ORDERED.

Nevertheless, Defendant never responded to the Plaintiff's Second Set of Document Requests (Nos. 33-38) which Plaintiff served on August 22, 2018. Plaintiff specifically referenced the requests and the fact that Defendant had not served responses in the parties' joint letter on September 28, 2018. (Doc. 74, p. 1) and the Court Ordered

Honorable Stewart D. Aaron                                                                 Page 2 of 4
November 5, 2018

Defendant to respond to all the outstanding discovery requests by October 15, 2018. Defendant's new assertion that they were answered (below) is simply untrue.

    3.  <u>Defendant Has Still Not Produced Relevant Documents Which It Knows Exist</u>
Defendant has not produced the responsive documents necessary to conduct depositions. The documents go to the very heart of the issues in the litigation. For example, Request No. 19 relates to the adoption of WSGI's illegal retirement policy:

> 19. All documents and communications concerning any discussion of, or vote on, a retirement policy by WSGI's Board, including but not limited to documents and communications among Board members, drafts of the retirement policy and drafts of the e-mail sent to WSGI members on August 12, 2017.

WSGI knows the documents exist because the Board sent at least some of the documents to the members when it adopted the policy. Plaintiff produced some of the documents to Defendant and the Court to demonstrate that the Operating Agreement had been amended. Nevertheless, Defendant – who knows multiple versions of the documents exist – has failed to produce the responsive and highly relevant documents, stating:

> Defendant objects to this request on the grounds that it: (a) is overly broad and unduly burdensome; is unbound in time; and (c) seeks documents that are outside the scope of and irrelevant to this litigation. Subject to and without waiving these objections, Defendant is in the process of performing a search for responsive documents and, should any such responsive documents be found, will supplement this response accordingly.

Defendant's new assertion below – that it never enacted a retirement policy – even were it true is irrelevant. The request covers documents concerning communications about a retirement policy, including an e-mail sent to all the members from the Board about adopting a retirement policy. Obviously, such discussions are relevant to discriminatory animus as well as the terms of the retirement policy. Defendant's mere assertion in response to the request that a policy was never adopted – an assertion which is unsupported by any pleading in this action – is not a basis for withholding documents which are relevant and which are known to exist.

Defendant stated that it was still searching for documents for 22 of the 32 requests for which it provided responses. There are the additional 6 requests which Defendant failed to respond to at all.

    4.  <u>Nearly Half of Defendant's Document Production is Gibberish</u>
Defendant produced 576 pages of documents. 226 of those pages appear to be from a spreadsheet, but the numbers and columns do not align. Half of the pages consist of a column of numbers floating in the middle of the page. (See attached.) Pursuant to Rule 34, Fed. R. Civ. P., Plaintiff requested such documents be produced in native format.

Honorable Stewart D. Aaron                                                                 Page 3 of 4
November 5, 2018

Without the spreadsheet columns lining up, no fact-finder can make sense of the documents to evaluate the credibility of testimony by any witness who purports to rely on the data.  Plaintiff seeks the documents and any further spreadsheet or database documents be produced in native format – as requested under Rule 34 – or a usable format that displays the information in relation to the column headings.

   5.   Defendant Has Still Not Scheduled Depositions.  One of WSGI Witnesses Whose Deposition Plaintiff Noticed is Leaving Her Job at the End of November.
Contrary to the Court's Order, Defendant has not proposed any dates when its witnesses will be available.  One of the witnesses, Salima Abdin Kamadoli, WSGI's Director of Operations recently resigned from her position and will be leaving WSGI at the end of November.  Contrary to the requirements of the Federal Rules and the Local Civil Rules, Defendant refused to identify Ms. Kamadoli's address in its Initial Disclosures and responses to interrogatories.  Accordingly, we cannot know if Ms. Kamadoli lives within the subpoena power of the Court to obtain her testimony for trial and our only opportunity to obtain her testimony may be her deposition.

Defendant now offers (below) to schedule depositions.  However, the parties cannot obtain meaningful deposition testimony without the documents.  And, as Defendant acknowledges below, they are still in the process of collecting documents.

   6.   Defendant and Its Counsel Must Comply with HIPAA
The Health Insurance Portability and Accountability Act ("HIPAA") requires specific procedures to protect patient's information – both medical and financial.  The Department of Health and Human Services ("HHS") has promulgated rules specifying the treatment of such protected health information ("PHI"), including the HIPAA Privacy Rule.  *See*, 45 CFR § 164.502.

Defendant produced documents with patient names, their insurers and payment information which were neither stamped Confidential nor identified as being subject to HIPAA.  Defendant's counsel should only have obtained the documents by following specific HIPAA procedures set forth in the HHS Rules.

WSGI or its counsel cannot disclose patients' PHI to anyone who does not meet the requirements of the HHS regulations.  This includes WSGI's liability insurers, counsel's employees or anyone else who has not followed the procedures required by HHS to ensure compliance with the HIPAA Privacy Rule.  The failure to stamp the documents confidential is troubling because it indicates that WSGI and its counsel have not followed the procedures they must take to fulfill their duties under HIPAA.

Honorable Stewart D. Aaron                                                                                                  Page 4 of 4
November 5, 2018

Defendant's Statement

*Defendant did respond to plaintiff's discovery demands*

      Contrary to Plaintiff's assertion that "Defendant never responded to the documents requests Plaintiff served," defendant did indeed serve responses to both the document demands and interrogatories on October 15, 2018. To the extent Plaintiff is referencing a second set of document requests, counsel for Defendant is not in possession of such requests. Plaintiff may serve those requests on Defendant, and Defendant will respond accordingly.

      Defendant appropriately objected to several requests on various grounds. Plaintiff should feel free to supplement her demands with requests more narrowly tailored to the claims alleged in this action. For example, with respect to Request No. 19, the request Plaintiff cites above, such a demand is irrelevant because Defendant never enacted any mandatory retirement policy.

*Defendant is still gathering and reviewing relevant documents and will supplement its disclosures*

      Defendant noted in its responses that it would provide additional relevant documents upon their discovery. To date, Defendant is still in the process of gathering and reviewing documents, and will continue to disclose relevant information. Defendant will, where appropriate, provide Plaintiff with native-format documents.

*Depositions*

      Defendant is open to scheduling depositions. To the extent Plaintiff wishes to know home addresses for any proposed witnesses, counsel should feel free to contact our office to discuss.

*Disclosure of HIPPA-protected data*

      To the extent Defendant may have disclosed patient names or other information, it was in error. To the extent any such information was disclosed, we expect Plaintiff will treat it as confidential and redact it accordingly before including it within any public submission.

Respectfully submitted,

| | |
|---|---|
| /s/ Elizabeth Shieldkret | /s/ Ryan J. Sestack |
| Elizabeth Shieldkret | Ryan J. Sestack |
| Counsel for Plaintiff | Counsel for Defendant |