UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Indira Kairam, M.D.,

                            Plaintiff,

        -against-

West Side GI, LLC,

                            Defendant.

1:18-cv-01005 (AT) (SDA)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/29/2018

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Defendant's Letter-Motion to seal (ECF No. 83) portions of the transcript from the October 30, 2018 Oral Argument on Defendant's motion to dismiss. (*See* ECF No. 79.) Plaintiff filed an opposition on November 16, 2018 (ECF No. 85) and Defendant replied on November 26, 2018. (ECF No. 90.) For the reasons set forth below, Defendant's motion is DENIED.

Defendant seeks to redact from the transcript information related to: (1) the terms and conditions for the sale of membership units; (2) salaries of non-party members of West Side (3) competitive restrictions, and (4) information regarding West Side's potential future acquisition of a non-party entity. (Def.'s Letter-Motion, ECF No. 83, at 1-2.) Plaintiff contends that Defendant has not met its burden to justify sealing portions of the transcript and that the information at issue already has been disclosed by Defendant or the Court in its Report and Recommendation on Defendant's motion to dismiss. (*See* ECF No. 85.)

The presumptive First Amendment right of public access to judicial proceedings encompasses "civil trials and . . . their related proceedings and records." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011). The Second Circuit has held that "[t]he transcript of a proceeding is so closely related to the ability to attend the proceeding itself that maintaining secrecy is appropriate only if closing the courtroom was appropriate. *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013). "Where the presumptive First Amendment interest in public access applies . . . it may be overcome by 'specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* No. 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted)). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). However, for documents that are the basis for adjudication, "only the most compelling reasons can justify the total foreclosure of public and professional scrutiny." *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)

The vast majority of the proposed redactions relate to the proposed deal with Physicians Endoscopy Health Associates, which is the basis for Plaintiff's age discrimination claim and, thus, central to the Court's recommendation regarding that claim. The Court finds that Defendant has not met it burden to justify sealing this information, which in any case would remain public as it is discussed in the Court's Report and Recommendation. (*See* ECF No. 82.) Similarly, the salary information and certain terms of sale of membership units, as well as competitive restrictions,

are referenced in the Report to the extent necessary to adjudicate Plaintiff's claims. Thus, the proposed redactions relate to information that has already been disclosed. While the Court previously has allowed redactions of some of Defendant's confidential business information, under the current circumstances, the Court finds that Defendant has not shown how the limited information in the proposed redactions will cause it competitive injury. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (confidential settlement amount disclosed in court's opinion and published on Westlaw and Lexis was no longer confidential) (citing *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003) (Posner, J., sitting by designation) (deciding that a motion to seal portions of an agreement containing confidential information would not be granted as to redacted aspects of the agreement already disclosed in the court's opinion)).

**SO ORDERED.**

DATED:    New York, New York
            November 29, 2018

_____
STEWART D. AARON
United States Magistrate Judge