UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

                          Plaintiff,

           -against-

WEST SIDE GI, LLC,

                          Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/12/2021
```

18 Civ. 1005 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

> Plaintiff, Indira Kairam, M.D., brings this action alleging a variety of federal and state claims arising from a contract dispute between her and Defendant, West Side GI, LLC, an ambulatory surgery center.  ECF No. 103.  On February 28, 2018, Plaintiff filed an amended complaint, ECF No. 4, on May 24, 2018, Plaintiff filed a second amended complaint, ECF No. 22, and on February 20, 2020, Plaintiff filed a third amended complaint (the "TAC"), ECF No. 103.  On May 14, 2020, Defendant moved to dismiss the TAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 114, and on July 27, 2020, the Court referred the matter to the Honorable Stewart D. Aaron, ECF No. 122, for a report and recommendation.  Before the Court is his Report and Recommendation (the "R&R"), which recommends that the motion to dismiss be granted in part and denied in part, and that leave to amend all but one of Plaintiff's dismissed claims be granted.  ECF No. 123.  Plaintiff and Defendant filed timely objections to the R&R.  Pl. Objs., ECF No. 131; Def. Objs. ECF No. 130. For the reasons stated below, the Court ADOPTS in part, and REJECTS in part the R&R.

**DISCUSSION**[1]

I.      <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."  *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).  The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo*

---

[1] The Court presumes familiarity with the facts, procedural history, and legal standards set forth in the R&R, and, therefore, does not summarize them here.  *See* R&R.

*v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal

quotation marks and citation omitted).

    II.   <u>Plaintiff's Objections</u>

       Judge Aaron recommends that Plaintiff's claims for breach of fiduciary duty, breach of

contract, fraud, deceptive business practices, tortious interference with contract, tortious

interference with business relations, and a declaratory judgment be dismissed, with leave to

amend granted as to all but the deceptive business practices claim.  R&R at 37.  Plaintiff argues

that her deceptive business practices claim should not be dismissed, Pl. Objs. at 6–9, she should

be granted leave to amend that claim, *id.* at 1–6, and that Judge Aaron improperly makes

findings of fact regarding the other dismissed claims, *id.* at 10–12.

       A.  Deceptive Business Practices

       New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the

conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus.

§ 349(a).  To bring a *prima facie* case of deceptive business practices under § 349, a plaintiff

must demonstrate that "(1) the defendant's deceptive acts were directed at consumers, (2) the

acts are misleading in a material way, and (3) the plaintiff has been injured as a result."

*Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).

       Judge Aaron found that Plaintiff's alleged facts showed that Defendant's deceptive

practices were directed at her, and not at consumers.  R&R at 27.  Plaintiff argues that New York

law does not require that a deceptive practice be made directly to the consumer, reiterating her

arguments before Judge Aaron.  *Compare* Pl. Objs. at 7–8 *with* Pl. Opp'n at 27–28, ECF No.

117.  The Court finds no clear error in Judge Aaron's conclusions on this issue.  *Wallace*, 2014

WL 2854631, at *1 ("[W]hen a party . . . simply reiterates his original arguments," the court

reviews the report and recommendation strictly for clear error.).

Judge Aaron further recommends that leave to amend be denied because Plaintiff did not complain of any conduct directed at consumers. *Id.* at 37. Plaintiff argues that the benefit of the R&R will allow her to amend her pleadings to allege actionable conduct under § 349; specifically, that she could plead that the alleged conduct was transmitted to consumers, thus triggering liability under § 349. Pl. Objs. at 8–9. Because leave to amend a complaint "shall be freely given when justice so requires," Judge Aaron's recommendation to deny leave to amend is REJECTED, and Plaintiff's request for leave to amend her § 349 claim is GRANTED. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks omitted).

Accordingly, Plaintiff's objections are OVERRULED in part and SUSTAINED in part.

B. Findings of Fact

Plaintiff argues that Judge Aaron improperly adopts legal theories and findings of fact in his R&R. Pl. Objs. at 10–12. The Court disagrees. Judge Aaron properly took the well-pleaded allegations in the TAC as true, and evaluated whether they stated claims. R&R at 1 n.1.

Plaintiff's objection, therefore, is OVERRULED.

III. Defendant's Objections

Judge Aaron recommends that Defendant's motion to dismiss Plaintiff's federal claims under the Equal Pay Act, the Age Discrimination in Employment Act (the "ADEA"), Title VII of the Civil Rights Act ("Title VII"), and the Defend Trade Secrets Act (the "DTSA") be denied. R&R at 37. He also recommends that Defendant's motion be denied with respect to Plaintiff's state law claims under the New York State Human Rights Law (the "NYSHRL"), under the New York City Human Rights Law (the "NYCHRL"), for unfair competition, for unjust enrichment,

4

for quantum meruit, under the New York Labor Law ("NYLL"), for conversion, and for misappropriation.  *Id.*  In its objections, Defendant largely reiterates its original arguments, or makes new arguments that were available to it before Judge Aaron.  *See generally* Def. Objs.

### A.  Federal Law Claims

#### 1.  Equal Pay Act

Judge Aaron found that Plaintiff adequately alleges that Defendant paid different wages to employees of the same sex, that she and her comparator performed substantially equal jobs, and that they performed these jobs under substantially similar working conditions.  R&R at 6–9. Defendant objects to these findings, first reiterating its arguments before Judge Aaron.  *Compare* Def. Objs. at 2–3 *with* Def. Mem. at 5–9, ECF No. 14-1.  The Court finds no clear error in Judge Aaron's findings on this issue.  *Wallace*, 2014 WL 2854631, at *1.  Defendant next argues that Judge Aaron misapplied *Isbell v. City of New York*, 316 F. Supp. 3d 571 (S.D.N.Y. 2018) in finding Plaintiff's "broad generalizations" about her and her comparator's job duties sufficient. Def. Objs. at 3–4.  However, Judge Aaron thoroughly analyzed Plaintiff's specific, detailed allegations.  R&R at 8.

Accordingly, Defendant's objection is OVERRULED.

#### 2.  ADEA

Next, Defendant objects to Judge Aaron's determination that Plaintiff adequately alleged disparate treatment and hostile work environment based on age for her ADEA claim to survive. Def. Objs. at 4–8.

First, Defendant argues that Plaintiff does not plead an adverse employment action.  *Id.* at 4–5.  The Court disagrees.  As Judge Aaron correctly notes, Plaintiff alleges that the loss of referrals reduced her income, which constitutes an adverse employment action.  R&R at 13.

Additionally, she alleges that she was subject to a hostile work environment, and being subjected to such an environment can be an adverse employment action. TAC ¶ 94; *Dietrich v. City of New York*, No. 18 Civ. 7544, 2020 WL 4226591, at *16 (S.D.N.Y. July 23, 2020) ("Being forced to endure a hostile work environment is one type of adverse employment action.").

Second, Defendant is incorrect that Plaintiff does not plead enough facts about her comparators. Def. Objs. at 5–6. To state a claim under the ADEA, a plaintiff must plead "sufficient facts to make plausible the conclusion that but for [her] age, [she] would not have suffered the challenged action," and facts about comparators are not necessary. *Williams v. Addie Mae Collins Cmty. Serv.*, No. 11 Civ. 2256, 2012 WL 4471544, at *3 (S.D.N.Y. Sept. 27, 2012) (internal quotation marks, alteration, and citation omitted). Plaintiff alleges that Defendant's board made remarks in an e-mail that "re-enforce[d] stereotypes about age by disparaging both the quality of care provided by older doctors and their commitment to their work," TAC ¶ 88, and that the board made "an intentional and concerted effort to force older doctors out of the company," *id.* ¶ 89. The Court agrees with Judge Aaron that Plaintiff's allegations are sufficient at this stage to state a claim under the ADEA. R&R at 10–11.

Finally, Defendant reargues that Plaintiff's allegations regarding a hostile work environment do not rise to the level of pervasiveness required to state a claim. *Compare* Def. Objs. at 7–8 *with* Def. Reply at 4–6, ECF No. 121. The Court finds no clear error in Judge Aaron's findings on this issue. *See Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004) ("However, a single act can create a hostile work environment if it in fact works a transformation of the plaintiff's workplace." (internal quotation marks, alteration, and citation omitted)).

Accordingly, Defendant's objections are OVERRULED.

3.  Title VII

Judge Aaron recommends denying Defendant's motion to dismiss Plaintiff's Title VII claim because she adequately alleges that she was subject to adverse employment action, because she was deprived of compensation and was not referred patients from the Gould Practice because she did not "look like" Dr. Gould.  R&R at 13.  Additionally, he found that she met her "minimal burden" of alleging pay discrimination by stating that Defendant paid her male comparator, but not her, for administrative work.  *Id.* at 13–14.[2]  In support of its objection, Defendant reiterates its arguments before Judge Aaron.  *Compare* Def. Objs. at 9–10 ("Plaintiff alleges only that WSGI referred cases to "men *and non-Indian*" doctors, clearly indicating that referrals were made to female physicians and non-white physicians.") *with* Def. Mem. at 11 ("This allegation is an acknowledgment that WSGI assigned patients to both *female* and *non-white* physicians who would not 'look like' Dr. Gould.").  The Court finds no clear error in Judge Aaron's findings on this issue.  *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("[D]iscrimination against one employee cannot be cured, or disproven, solely by favorable, or equitable, treatment of other employees of the same race or sex.").  The Court also rejects Defendant's argument that Plaintiff did not adequately allege that she and Dr. Distler performed comparable duties.  *Supra* § III.A.1.

Defendant's objection is, therefore, OVERRULED.

4.  DTSA

Judge Aaron concluded that Plaintiff's allegations that she developed a proprietary billing system and that she was induced to disclose this system were sufficient to state a claim under the

---

[2] In making this determination, Judge Aaron considered her other allegations of pay discrimination, R&R at 13, including her allegation that Defendant "never allowed a woman to own more than 2.91% interest in the company," TAC ¶ 32, and found that she met her burden with respect to this claim because of her allegations that she was not paid a salary for her administrative work.  Judge Aaron did not recommend that Plaintiff be permitted to pursue a claim of pay discrimination with respect to her allegations regarding ownership interest.

DTSA.  R&R at 15–18.  Defendant argues, however, that Plaintiff's allegations that she possessed a trade secret are "patently insufficient to survive a motion to dismiss."  Def. Objs. at 11.  Because Defendant makes "conclusory or general objections," or otherwise reiterates its earlier arguments, the Court reviews the objection for clear error and finds none.  *Wallace*, 2014 WL 2854631, at *1.  In concluding that Plaintiff's allegations were sufficient, Judge Aaron thoroughly examined Plaintiff's allegations and found that she states that billing techniques like hers are understood in the industry to be trade secrets.  R&R at 15–17; TAC ¶¶ 49, 59.  He acknowledges that Plaintiff's "allegations may be thin as to this element," but concludes that her TAC plausibly alleges "how the template derives independent economic value from not being generally known to others."  R&R at 17 (quoting *Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 28 (2d Cir. 2019)).

The Court agrees, and Defendant's objection is OVERRULED.

B.   State Law Claims

1.   NYSHRL and NYCHRL

Defendant's objections to Judge Aaron's findings on these claims are based on the assumption that the Court will reject Judge Aaron's recommendations that Plaintiff be permitted to pursue her claims under Title VII or the ADEA.  Def. Objs. at 13–14.  Because the Court found no error in Judge Aaron's recommendations as to Plaintiff's Title VII or ADEA claims, *supra* §§ III.A.2–3, the Court reviews Judge Aaron's recommendations for clear error and finds none.  *Wallace*, 2014 WL 2854631, at *1.

Accordingly, Defendant's objections are OVERRULED.

2.   Unfair Competition

Judge Aaron found that Plaintiff adequately pleaded her claim for unfair competition

because "at least in part, the factual predicate underlying Plaintiff's unfair competition claim is the same as the factual predicate for the misappropriation element of her DTSA claims."  R&R at 28.  Defendant objects to this finding because the TAC does not allege that Defendant used her trade secret to compete against her.  Def. Objs. at 14.

Defendant identifies this supposed pleading deficiency for the first time in its objections. *See* Def. Mem. at 21–23; *see also* Def. Reply.  Defendant could have made this argument before Judge Aaron and did not.  *See id*.  Thus, this is a new argument that "cannot properly be raised for the first time in objections to the report and recommendation."  *Razzoli*, 2014 WL 2440771, at *5.  Regardless, the Court agrees with Judge Aaron's conclusion.  *See Kid Car NY, LLC v. Kidmoto Techs. LLC*, No. 19 Civ. 7929, 2021 WL 466975, at *13 (S.D.N.Y. Feb. 9, 2021) ("New York's law of unfair competition is a broad and flexible doctrine that depends more upon the facts set forth . . . than in most causes of action." (internal quotation marks and citation omitted)).

Accordingly, Defendant's objection is OVERRULED.

### 3. Unjust Enrichment and Quantum Meruit

Defendant objects to Judge Aaron's characterization of Plaintiff's unjust enrichment claim—it argues that Judge Aaron erred in stating that Defendant "induced her to begin performing procedures at WSGI during the transition period by telling her that she would be compensated, *but never compensated her*."  Def. Objs. at 15 (emphasis in original) (quoting R&R at 32).  Defendant is correct.  Plaintiff does not allege that she was not compensated at all for these procedures, but that she was not fully compensated for them.  In her TAC, Plaintiff alleges that she was induced "to begin performing endoscopic procedures," TAC ¶ 42, that Dr. Distler told her "that she would be compensated so that there would be no decrease in her

income," *id.*, and that she "suffered a loss of almost 20% in fees per procedure," *id.* ¶ 44.  In any event, the Court agrees with Judge Aaron that the TAC states that Defendant benefitted at her expense, which is "sufficient to state a claim for unjust enrichment and/or quantum meruit." R&R at 32.

Defendant's objection is, therefore, OVERRULED.

4.  NYLL

Judge Aaron found that Plaintiff's allegations that Defendant failed to pay her wages, TAC ¶¶ 145–46, are sufficient to state a claim under NYLL § 193.  R&R at 33–34.  Defendant argues that Judge Aaron overlooked controlling law holding that § 193 does not apply to claims alleging a wholesale failure to pay wages.  Def. Objs. 16–17.

The issue of whether § 193 applies when a plaintiff's wages are withheld entirely is unsettled.  *Danusiar v. Auditchain USA, Inc.*, No. 20 Civ. 1477, 2020 WL 6126378, at *8 (S.D.N.Y. Oct. 8, 2020) ("New York lower courts are divided on this issue, with some courts finding that failure to pay earned wages constitutes an unlawful deduction from the wages . . . and other courts finding that failure to pay . . . constitutes a wholesale withholding of payment, which is not a deduction within the meaning" of [§ 193] (internal quotation marks and citation omitted)).  Under one interpretation of the statute, Plaintiff has alleged enough facts to support a § 193 claim.

Accordingly, the Court agrees with Judge Aaron and Defendant's objection is OVERRULED.

5.  Conversion

Judge Aaron concluded that Plaintiff pleaded her conversion claim adequately with respect to her allegation that Defendant misappropriated her trade secret.  R&R at 34–36.

Defendant argues that Plaintiff does not allege that her trade secret was appropriated without her authority, nor does she allege that Defendant interfered with her right to possession.  Def. Objs. at 17–19.

Although this argument was available to Defendant before Judge Aaron, Defendant makes this argument for the first time in its objections.  *See* Def. Mem. at 30–31; *see also* Def. Reply.  Defendant's argument, therefore, "cannot properly be raised for the first time in objections to the report and recommendation."  *Razzoli*, 2014 WL 2440771, at *5.  Regardless, the Court agrees with Judge Aaron's conclusion that Plaintiff's allegations of misappropriation are sufficient to plead her state law conversion claim.  *See* TAC ¶ 61 (Defendant's "misrepresentation that it would pay [her] for her expertise induced her to disclose her valuable proprietary systems.").

Accordingly, Defendant's objection is OVERRULED.

### C.  Leave to Amend

Judge Aaron suggests granting leave for Plaintiff to amend her claims because she had not yet had the benefit of a ruling on the claims he recommends dismissing.  R&R at 37. Defendant reargues that, "as set forth in its motion to dismiss," any amendments would be futile and granting leave to amend would prejudice it.  Def. Objs. at 20.  The Court agrees with Judge Aaron that Plaintiff might be able to cure her pleading defects with the benefit of a ruling on her dismissed claims.  *Kairam*, 793 F. App'x at 28.

Defendant's objection, therefore, is OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which the parties properly

objected and has reviewed the remainder of the R&R for clear error.[3]  For the reasons stated above, the Court ADOPTS in part and REJECTS in part the R&R.  By **March 26, 2021**, Plaintiff shall file her fourth amended complaint.

The Clerk of Court is directed to terminate the motion at ECF No. 114.

SO ORDERED.

Dated: March 12, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.

12