RYAN SESTACK
RSESTACK@GRSM.COM

JEFFREY CAMHI
JCAMHI@GRSM.COM

CHRISTOPHER COYNE
CCOYNE@GRSM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/2021

**GORDON & REES**
**SCULLY MANSUKHANI**
YOUR 50 STATE PARTNER®

ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

December 6, 2021

<u>VIA E-MAIL & ECF</u>
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED. In accordance with L*ugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court has balanced the presumption of public access against competing considerations raised by Defendants and finds that the proposed redactions are narrowly tailored to prevent unauthorized dissemination of sensitive business information.
SO ORDERED.
Dated: December 8, 2021

Re:   *Kairam v. West Side GI, LLC*
      <u>Consolidated Civil Action Number 1:18-cv-1005 (AT) (SDA)</u>

Dear Judge Aaron:

I am an attorney with Gordon Rees Scully Mansukhani, LLP, counsel for defendants WestSide GI, LLC ("WSGI"), Peter Distler, and Ricardo Pou (collectively "Defendants"), in the above-referenced consolidated action. Defendants write, pursuant to the Court's Order, dated November 22, 2021, to respectfully request that portions of Plaintiff's Exhibit "4" to the Amended Consolidated Complaint be filed under seal.

On November 19, 2021, with the consent of Defendants, Plaintiff filed the most recent iteration of the complaint in this matter, the Amended Consolidated Complaint ("ACC"). *See* ACC, filed November 19, 2021 (Docket No. 187). The ACC contained a new exhibit that had not previously been annexed to Plaintiff's pleading, specifically Exhibit "4," the Gould Practice Operating Agreement ("GPOA"). The GPOA is the governing document outlining operations for Thomas Gould Medical Associates, PLLC (the "Gould Practice"), a non-party entity of which Plaintiff and Defendants Distler and Pou, among many others, are members. In the ACC, Plaintiff raises new contract and fiduciary claims against Defendants Distler and Pou related to the GPOA. Specifically, Plaintiff alleges that they were managing members of the Gould Practice and failed to comply with certain provisions of that agreement. *See* ACC ¶¶ 135-37. The new allegations concerning the GPOA make up only a few paragraphs of the ACC, which focuses primarily on the WSGI Operating Agreement and Plaintiff's work at that practice. *See* Red-lined copy of the ACC, a copy of which is annexed as Exhibit "1," to the Letter from Elizabeth Shieldkret, filed October 21, 2021 (Docket No. 182).

Plaintiff filed the GPOA under seal in its entirety to provide Defendants an opportunity to

review its contents and make the instant application to seal.  As such, Defendants now respectfully request that the GPOA be filed under seal with the proposed redactions annexed hereto as Exhibit "A."  An unredacted copy of the GPOA has also been annexed hereto as Exhibit "B."[1]

Defendants' proposed redactions are narrowly tailored such that they will adequately protect confidential information, yet remain consistent with the presumption of public access to judicial documents.  Specifically, Defendants seek the proposed redactions to the GPOA that relate to: (1) the cost of membership units in the Gould Practice; (2) the valuation of the entity; (3) the allocation of profits and losses among members; (4) issues related to the dissolution of the entity and subsequent restrictions on members; (5) the valuation of members' interest in the Gould Practice; and (6) information on how cases are handled by the practice.

While Defendants recognize the importance of public access to judicial documents, the Second Circuit has found that a party's interest in protecting confidential business information can outweigh the qualified presumption of public access. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).  This is particularly true where, as here, the subject document concerns the information of non-parties that had reasonably relied on such information remaining confidential.  *See United States v. Wey*, 256 F. Supp. 3d 355, 409 (S.D.N.Y. 2017) ("The relevant materials reflect sensitive medical, financial, educational, and other personal information pertaining to non-parties, and the Court finds that the privacy interests of those non-parties outweigh any public interest in disclosure"); *accord* GPOA, Art. 8.1 (noting that the Gould Practice members agreed to keep the GPOA, among other things, confidential).  As noted above, the Gould Practice is ***not a party*** to this suit, and the disclosure of its governing agreement would reveal confidential information on how it runs its business, including competitive information about how profits and losses are allocated.  This weighs strongly in favor of the Court permitting a sealed filing  *See Refco Grp. Ltd., LLC v. Cantor Fitzerald, L.P.*, 2015 WL 429857, at *4-6 (S.D.N.Y. July 15, 2015) (allowing documents containing confidential information regarding business relationship between defendant and a third-party who is not a party to the action be filed under seal).  Further, many of the proposed redactions are unrelated to Plaintiff's new allegations in the ACC, which focus primarily on Article III of the GPOA.  *See* ACC, ¶¶ 135-37.  As such, the disclosure of these sections of the GPOA would not be relevant to the Court's exercise of its judicial function and further supports a redacted filing. *See Novartis Pharma AG v. Amgen, Inc.*, 2020 WL 8878731, at *2 (S.D.N.Y. June 10, 2020).

Defendants have taken significant efforts to redact only portions of the GPOA that could result in competitive harm to the members of the agreement or the Gould Practice itself, or that otherwise disclose confidential business or personal information of non-parties.  As such, Defendants respectfully request that the Court permit the GPOA to be filed under seal with the proposed redactions outlined in Exhibit "A."

Thank you for your consideration of this matter.

Respectfully submitted,

---

[1] A copy of this application, with annexed exhibits, has been submitted to the Court directly, via e-mail.  A copy of this letter, without the annexed exhibits, has been filed on the public docket via ECF.

GORDON REES SCULLY
MANSUKHANI, LLP

*Christopher Coyne*

Christopher Coyne, Esq.

cc.  Ryan Sestack, Esq.
Jeffrey Camhi, Esq.
Elizabeth Shieldkret, Esq.
(via E-mail & ECF)