USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDIRA KAIRAM, M.D.,

        Plaintiff,

-against-

WEST SIDE GI, LLC,

        Defendant.

18 Civ. 1005 (AT) (SDA)

---

INDIRA KAIRAM, M.D.,

        Plaintiff,

-against-

WEST SIDE GI, LLC,

        Defendant.

19 Civ. 953 (AT)

---

INDIRA KAIRAM, M.D.,

        Plaintiff,

-against-

PETER DISTLER, M.D. and
RICARDO E. POU, M.D.,

        Defendants.

20 Civ. 9141 (AT) (SDA)

**ORDER**

---

ANALISA TORRES, District Judge:

    The Court has reviewed Plaintiff's letter dated July 12, 2022. *See, e.g.*, 18 Civ. 1005, ECF No. 228. Plaintiff contends that the Court's denial of her motion to strike portions of the Defendants' motion to dismiss was improper. *Id.* She cites *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647 (2d Cir. 1987), among other cases quoting *Richardson*, to argue that the Court may not deny her the right to file any motion. *Id.* That is incorrect. *Richardson* states "a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." 825 F.2d at 652. Plaintiff has not pointed to any part of the Federal Rules of Civil Procedure that authorize the filing of a motion to strike a motion to dismiss, the Court could is aware of none. The only time the Federal Rules of Civil Procedure contemplates a motion to strike is in the context of striking pleadings, unsigned documents, third-party complaints. *See* Fed. R. Civ. P. 11(a), 12(f), 14(a)(4), 26(g)(2).

    The Court permitted Plaintiff to raise any concerns with the report and recommendation issued by the Honorable Stewart D. Arron, ECF No. 217, stemming from the alleged

improprieties of defense counsel through filing a revised objection, ECF No. 227.[1]  Further, should Plaintiff believe defense counsel mislead the Court in some way, there are mechanisms within the Federal Rules of Civil procedure to address that concern.  *See, e.g.*, Fed. R. Civ. P. 11(b).

Accordingly, Plaintiff may file an updated objections as set forth in the July 7, 2022 order.  ECF No. 227.  No extension will be granted to either party to the deadlines set forth in that order absent a showing of good cause.

SO ORDERED.

Dated: July 13, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The Court notes that to the extent Plaintiff claims defense counsel misrepresented facts in the motion to dismiss, the Court is permitted to consider only the facts in the relevant complaint in deciding a motion to dismiss.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).