UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

               Plaintiff,

-against-

WEST SIDE GI, LLC,

               Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2022
```

18 Civ. 1005 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff Indira Kairam, M.D., brings these consolidated actions against Defendants West Side GI, LLC ("WSGI"), Peter Distler, M.D., and Ricardo E. Pou, M.D., alleging thirty-three counts arising out of her employment and business relationship with Defendants.[1] Defendants move to dismiss ten of the counts in the amended consolidated complaint ("ACC"), ECF No. 187. *See* ECF No. 195. On February 14, 2022, this Court referred Defendants' motion to dismiss to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 201.

    Before the Court is Judge Aaron's Report and Recommendation (the "R&R"), dated May 25, 2022, which recommends that Defendants' motion be granted in part and denied in part. R&R, ECF No. 215. Plaintiff timely objected to the R&R. ECF Nos. 220–21. For the reasons stated below, Plaintiff's objections are OVERRULED, except that Plaintiff's objection to the denial of leave to amend her negligent misrepresentation claims is SUSTAINED. Accordingly, the Court ADOPTS the R&R in part and REJECTS it in part.[2]

---

[1] By Stipulation and Order this action was consolidated with Nos. 19 Civ. 953 and 20 Civ. 9141. ECF No. 160.
[2] Plaintiff's request for oral argument, Pl. Obj. at 25, ECF No. 230, is DENIED.

# DISCUSSION[3]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" on a dispositive order. 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A report and recommendation is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

II. Analysis

Plaintiff makes a number of objections to the R&R. *See generally* Pl. Obj., ECF No. 230.

---

[3] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 2–6, and, therefore, does not summarize them here.

In particular, Plaintiff objects to Judge Aaron's recommendation that her fraudulent and negligent misrepresentation claims be dismissed. *Id.* at 1. Plaintiff also objects to Judge Aaron's denial of leave to amend. *Id.*

First, Plaintiff objects to the R&R's giving effect to a disclaimer in the Membership Subscription Agreement ("MSA"), ECF No. 189-1, when "[t]he ACC pleaded misrepresentations and omissions of facts which were peculiarly within Defendants' knowledge." Pl. Obj. at 2–4 (footnote omitted). Because Plaintiff reiterates her original arguments, *see* Pl. Opp'n at 10, ECF No. 199, the Court reviews the R&R for clear error and finds none. Accordingly, Plaintiff's objections are OVERRULED.

Second, Plaintiff asserts that Judge Aaron erred by construing the disclaimer in the MSA as a bar to pleading justifiable reliance, a necessary element for fraud. Pl. Obj. at 5–7; *see also* R&R at 16–20. Plaintiff argues that, because justifiable reliance is a question usually left to a jury, it cannot be decided on a Rule 12 motion. Pl. Obj. at 6. Plaintiff contends that "[t]he R&R failed to . . . analy[ze] . . . the entire context of the transaction," including finding whether Plaintiff is a sophisticated investor. *Id.* at 6–7 (quotations omitted). The R&R states, "[i]n the MSA, Plaintiff explicitly disclaimed any reliance on any representations by WSGI or its managers or members regarding the value of the company or its units." R&R at 18. Judge Aaron recognizes that disclaimers of reliance are not to be given effect "where the facts are peculiarly within the knowledge of the party invoking it," but reasons that "Plaintiff has not adequately alleged any facts that were within the peculiar knowledge of Defendants." *Id.* at 18 n.12. Judge Aaron adds that a "party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence." *Id.* (citation omitted).

Under New York law, to state a cause of action for fraud, a plaintiff must show: (1) "a

3

representation of material fact"; (2) "the falsity of the representation"; (3) "knowledge by the party making the representation that it was false when made"; (4) "justifiable reliance by the plaintiff"; and (5) "resulting injury." *KCG Ams. LLC v. Brazilmed, LLC*, No. 15 Civ. 4600, 2016 WL 900396, at *3 (S.D.N.Y. Feb. 26, 2016) (citation omitted). These elements must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* at *3.

Although justifiable reliance is generally a question of fact, "[w]hether a plaintiff has adequately pleaded justifiable reliance can be a proper subject for a motion to dismiss." *Kaye Dentistry, PLLC v. Turchin*, No. 13 Civ. 5306, 2014 WL 2649976, at *5 (S.D.N.Y. June 13, 2014) (citation omitted). "As a matter of law, a sophisticated plaintiff cannot establish that it entered into an arm's length transaction in justifiable reliance on alleged misrepresentations if that plaintiff failed to make use of the means of verification that were available to it." *Id.* (citation and alteration omitted); *see also Natoli v. NYC P'ship Hous. Dev. Fund Co. Inc.*, 960 N.Y.S.2d 137, 139 (N.Y. App. Div. 2d Dep't 2013). Plaintiff is a sophisticated party with deep experience in medical practice and Ambulatory Surgery Centers ("ASC"). ACC ¶¶ 10, 12–13, 15; *see also Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 541, 546 (S.D.N.Y. 2011) (noting that facts as alleged in a complaint can be sufficient to establish that a party is sophisticated).[4] The ACC fails to allege that Plaintiff could not have accessed the materials necessary for her to conduct due diligence. *See Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ. 8086, 2011 WL 5170293, at *14 (S.D.N.Y. Oct. 31, 2011). It includes only conclusory statements about what Plaintiff "did not know" or "had no way of knowing." ACC ¶¶ 33, 44. Without more, Plaintiff has failed to properly plead justifiable

---

[4] Plaintiff argues that she "had no previous experience investing in an ASC." Pl. Obj. at 17. Because she already raised this before Judge Aaron, *see* Pl. Opp'n at 8 ("Plaintiff is a medical doctor specializing in internal medicine who does not have expertise in financial valuations."), the Court does not consider this argument. *Wallace*, 2014 WL 2854631, at *1. To the extent this argument is not a reiteration of her original argument in opposition, the Court shall not consider arguments that Plaintiff could have but failed to raise before Judge Aaron. *Gladden*, 394 F. Supp. 3d at 480. In any event, Plaintiff appears to have conceded the point in her objections. *See* Pl. Obj. at 7–8.

reliance.

Plaintiff's fraud claims fail on a separate ground. Plaintiff objects to the R&R's giving effect to a disclaimer because she "is not relying on an oral representation outside the MSA about the value of the units, but on the false statement within the MSA itself." Pl. Obj. at 5. Plaintiff's theory of fraud here is identical to Plaintiff's breach of contract cause of action, a claim which Judge Aaron recommended for dismissal. R&R at 27–30. Plaintiff objects to this recommendation to the extent that he found her fraud claims to be duplicative of her contract claims. Pl. Obj. at 15, 18–20. The Court agrees with Judge Aaron that Plaintiff's fraud causes of action are duplicative.[5] Where, as here, Plaintiff fails to "establish that the tortious conduct alleged in the proposed pleading is separate and distinct from any breach of the governing contract," a fraud claim necessarily fails. *Kaye Dentistry*, 2014 WL 2649976, at *5 (citation omitted).[6] Accordingly, Plaintiff's objections are OVERRULED.

Third, Plaintiff objects to Judge Aaron's recommended dismissal of the negligent misrepresentation claims. Pl. Obj. at 16–18. This objection reiterates Plaintiff's original arguments. Pl. Opp'n 6–11. Plaintiff also appears to object to labeling her negligent misrepresentation claims as duplicative of her contract claims, *see* Pl. Obj. at 18–20, but Judge Aaron did not recommend dismissal of those claims on that basis, *see* R&R at 21–26. The Court does not conclude that Judge Aaron committed clear error in his analysis of Plaintiff's negligent

---

[5] Plaintiff appears to argue that because Judge Aaron found that she failed to plead several of her contract claims, her fraudulent and negligent misrepresentation claims based on the same statements cannot be dismissed as duplicative. Pl. Obj. at 18. For instance, Plaintiff recasts Judge Aaron's finding that "she failed to adequately identify specific provisions of an agreement that were breached and/or how such provisions were breached," R&R at 27, as a suggestion that "statements in the MSA about the ASC Safe Harbor were not terms of the MSA," Pl. Obj. at 19. Not only are her arguments concerning these alleged collateral statements repetitive of her original arguments, *see* Pl. Opp'n at 10 (discussing negligent misrepresentation claims), but they only allege that Defendants were not sincere when they promised to perform under the contract, *see* Pl. Obj. at 18–19. Plaintiff's fraud claims, *id.* at 18–20, are therefore duplicative of her breach of contract claims. *KCG Ams. LLC*, 2016 WL 900396, at *4.

[6] Plaintiff's invocation of her ability to plead in the alternative, Pl. Obj. at 19, is irrelevant because she has failed to adequately plead both her fraud and contract-based claims.

5

misrepresentation claims.[7]  Accordingly, Plaintiff's objections are OVERRULED.

Fourth, Plaintiff objects to the R&R's conclusion that she failed to "state a fraud claim based upon purported representations that WSGI believed it was in compliance with the ASC Safe Harbor to [the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)] since such statements do not constitute statements of fact." Pl. Obj. at 7 (citing R&R at 19–20). This objection repeats Plaintiff's original arguments, Pl. Opp'n at 10–12, and, as such, does not trigger *de novo* review. The Court does not find that the R&R committed clear error. Accordingly, Plaintiff's objections are OVERRULED.

Fifth, Plaintiff objects to the R&R's "blanket denial of leave to amend," particularly when she had not received judicial guidance on the issue of justifiable reliance, negligent representation, and her claims against Peter Distler, M.D., and Ricardo E. Pou, M.D. Pl. Obj. at 20, 24. Plaintiff relies on *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), to argue that she "[is] entitled to a ruling with the 'precise defects' in the complaint in order to determine whether amendment was feasible." Pl. Obj. at 20–21 (emphasis omitted). The R&R states, "Plaintiff already has had the benefit of judicial guidance with respect to claims for breach of fiduciary duty, breach of contract, fraud, tortious interference with contract and tortious interference with business relations." R&R at 30. The R&R acknowledges that "[t]he only claims . . . for which she has not had the benefit of judicial guidance are her negligent misrepresentation claims." *Id.* Judge Aaron determined that amendment would be futile because "Plaintiff cannot allege reasonable reliance and/or her claims are based on future promises which cannot form the basis of a negligent misrepresentation claim." *Id.* Judge Aaron adds that "any claims against Dr. Distler and Dr. Pou which arose after she became a member of WSGI are otherwise barred by §

---

[7] Plaintiff argues that "[t]he R&R erroneously misidentifies the reliance standard as 'reasonable reliance' as opposed to the actual 'justifiable reliance' standard," and that "the difference [between the two] is substantive." Pl. Obj. at 22 n.20 (citing *Field v. Mans*, 516 U.S. 59, 70 (1995)). Plaintiff's reliance on an inapposite U.S. Supreme Court case is misguided. Judge Aaron applied the correct standard in evaluating Plaintiff's negligent misrepresentation claims.

6

5.12 of the WGSI Operating Agreement." *Id.*

Although leave to amend "shall be freely given when justice so requires," a court may deny leave to amend for a "valid ground" such as futility or undue prejudice. *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (citations omitted). Plaintiff overstates dicta in *Loreley* which apply to the particular facts of that case to suggest that she is entitled to a ruling concerning "specific deficiencies" in her amended complaint. Pl. Obj. 20–22. Here, Plaintiff has already been granted leave to amend and she received judicial guidance as to those amended claims. Plaintiff now proposes amendments, Pl. Obj. at 4 n.3, which appear to be targeted at her fraud claims, that "give[] no clue as to 'how . . . [they] would . . . cure[]'" the "complaint's defects." *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 190 (citation omitted). Plaintiff does not propose amendments that would cure the deficiencies with her breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with business relations claims. The Court concludes that amendment as to Plaintiff's fraud, breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with business relations claims would be futile. *Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 550 (S.D.N.Y. 2022) ("An amendment is not futile if it could withstand a motion to dismiss under Rule 12(b)(6)." (quotation marks and citation omitted)). Accordingly, Plaintiff's objections are OVERRULED.

The Court agrees with Judge Aaron that Plaintiff's claims against Distler and Pou arising after she became a member of WGSI are barred by contract and would not survive a motion to dismiss. R&R at 30. Accordingly, Plaintiff's objections are OVERRULED.

But, the Court disagrees with Judge Aaron's recommendation that leave to amend with respect to Plaintiff's negligent misrepresentation claims should be denied. R&R at 30. Further amendment might not be futile as to these claims. Plaintiff's objections are therefore SUSTAINED.

7

Finally, Plaintiff reiterates her objection to the Court's "briefing procedure," Pl. Obj. at 25, which "combin[ed] the briefing [concerning Defendants' alleged false statements] with the objections to the R&R, [and] limit[ed] the number of pages[.]" Pl. Obj. at 25; *see* ECF Nos. 226, 228.  Plaintiff's objection is moot.  The Court already ruled on this objection and (1) allowed Plaintiff to file an updated set of objections incorporating issues she raised in a letter concerning Defendants' representations, and (2) permitted the parties an additional five pages for their filings. ECF Nos. 227, 229.  To the extent Plaintiff objects to the Court's imposition of page limitations in briefing, district courts can adopt page limitations for briefing "to dispose of the matters before [them] efficiently." *Carter v. Goodman Grp.*, 1993 WL 485766, at *1 (S.D.N.Y. Nov. 22, 1993). Accordingly, Plaintiff's objection is OVERRULED.

The remainder of Plaintiff's objections are not directed to specific findings in the R&R, but rather restate her original arguments, are conclusory, or raise issues that could have been brought before Judge Aaron.  The Court has reviewed the remainder of the thorough and well-reasoned R&R and finds that it is not clearly erroneous nor contrary to law.  Accordingly, Plaintiff's objections lack merit and are OVERRULED.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R, except that it SUSTAINS Plaintiff's objection to the denial of leave to amend her negligent misrepresentation claims. Accordingly, the Court ADOPTS the R&R in part and REJECTS it in part. Further, the Court DENIES Plaintiff's request for oral argument.

The Clerk of Court is directed to terminate the pending motion at No. 18 Civ. 1005, ECF No. 195.

SO ORDERED.

Dated: September 14, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge