UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDIRA KAIRAM, M.D.,

                Plaintiff,

-against-

WEST SIDE GI, LLC,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2022
```

18 Civ. 1005 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the parties' letters dated October 7, 11, 14, and 18, 2022. ECF Nos. 253, 255, 258, 260. On December 13, 2021, Defendants West Side GI, LLC, Peter Distler, M.D., and Ricardo E. Pou, M.D., moved to dismiss ten of the thirty-three counts in the amended consolidated complaint ("ACC"), ECF No. 187. ECF Nos. 195, 215 at 1 n.2. On February 14, 2022, the Court referred Defendants' motion to dismiss to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 201. On May 25, 2022, Judge Aaron issued a Report and Recommendation (the "R&R"), recommending that Defendants' motion be granted in part and denied in part. ECF No. 215. On September 14, 2022, the Court adopted in part and rejected in part the R&R (the "September 14 Order"). ECF No. 241. The Court rejected the R&R to the extent that, contrary to Judge Aaron's recommendation that the Court deny Plaintiff, Indira Kairam, M.D., leave to amend as to all claims, the Court allowed Plaintiff to amend her negligent misrepresentation claims. *Id.* 7, 9. On September 16, 2022, Judge Aaron ordered Plaintiff to file an amended pleading by September 30, 2022. ECF No. 242. On September 27, 2022, Plaintiff filed a motion for reconsideration of the Court's September 14 Order. ECF Nos. 248–49. On September 30, 2022, Plaintiff filed a second amended consolidated complaint ("SACC") that included claims that were dismissed by the Court's September 14 Order. ECF No. 251.

    On October 7, 2022, Defendants requested to "stay [their] time to respond to the [SACC]." ECF No. 253 at 1; *see also* ECF No. 260. Plaintiff opposes this request, stating that "further delay causes prejudice to Plaintiff." ECF No. 258; *see also* ECF No. 255. The parties agree that "[t]he general view in this district is that a defendant who brings a partial motion to dismiss is not required to answer." ECF No. 258 at 4 (citing *Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, No. 96 Civ. 2549, 1997 WL 97837, (S.D.N.Y. Mar. 6, 1997)); ECF No. 260 at 3 (same). "A party may file a motion to dismiss only certain claims—*i.e.*, a partial motion to dismiss—and the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided." *Lombardo v. Dr. Seuss Enters., L.P.*, No. 16 Civ. 9974, 2017 WL 1378413, at *4 (S.D.N.Y. Apr. 7, 2017) (citation omitted). Plaintiff provides no authority to support her position that the Court stray from the general rule in this district.[1]

---

[1] Plaintiff's reliance on *Bull HN Information Systems, Inc. v. American Express Bank Limited*, No. 88 Civ. 2103, 1990 WL 48098, at *5 (S.D.N.Y. Apr. 6, 1990), is inapposite.

      Accordingly, Defendants' request to "stay [their] time to respond to the [SACC]," ECF No. 253, is GRANTED pending further order of the Court. The Court shall provide further guidance on the SACC and Defendants' time to answer following its decision on Plaintiff's motion for reconsideration.

      SO ORDERED.

Dated: October 27, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge