USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2023

RYAN SESTACK
RSestack@grsm.com

JEFFREY CAMHI
JCamhi@grsm.com

LINDSEY BLACKWELL
LBlackwell@grsm.com

COPATRICK THOMAS
CXThomas@grsm.com

**GORDON & REES**
**SCULLY MANSUKHANI**

ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

January 27, 2023

**VIA ECF**

Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Defendants' request is DENIED. Defendants shall appear for the January 31st conference as scheduled through Copatrick Thomas and/or another attorney from the law firm of Gordon & Rees Scully Mansukhani, LLP. Mr. Thomas is one of the counsel of record for Defendants in this case, and based upon publicly available information, is an experienced federal court litigator. SO ORDERED.
> Dated: January 27, 2023
> /s/ Stewart D. Aaron

Re:   *Kairam v. Westside GI, LLC*
      **Docket Number 1:18-cv-1005 (AT) (SDA)**

Dear Judge Aaron:

This firm represents Defendants Westside GI, LLC ("WSGI" or "Westside GI") and Drs. Peter Distler and Ricardo Pou (collectively, the "Defendants") in the above-referenced action. Pursuant to the Order of the Court dated January 25, 2023, we write to respectfully renew Defendants' request for an adjournment of the discovery hearing recently scheduled for January 31, 2023, as well as a corresponding extension of the parties' time to submit their joint or separate letters in advance of the discovery hearing.

By letter dated January 23, 2023 (ECF No. 285), in light of defense counsel's prior scheduling conflicts, Defendants requested an adjournment of the upcoming discovery hearing, to February 14, 2023, as well as a corresponding extension of the parties' time to submit any joint or separate letters, to February 13, 2023. As explained in Defendants' letter, the requested adjournment and extension are needed because "Defendants' lead defense counsel, Jeffrey Camhi, is in arbitration in Kansas City, Missouri all of next week and in Florida for a hearing the following week, [and] he will be unavailable from January 30, 2023 to February 10, 2023. In addition, senior defense counsel Lindsey Blackwell will be travelling [out-of-state] and unavailable on January 31, 2023 and from February 2, 2023 to February 6, 2023." Your Honor subsequently denied Defendants' request "without prejudice," ordering that "Defendants may renew their motion after consulting with Plaintiff's counsel." *See* ECF No. 286.

Defendants have consulted Plaintiff's counsel, who does not consent to the adjournment request for the following reasons:

> "First and foremost, [Plaintiff] agree[s] with the Court's Order and think[s] that the Court's decision, including the timing, makes a lot of sense given that discovery issues should have been resolved long ago. The Court set aside its valuable time to make sure the case is moving forward and [Plaintiff] respect[s] that. Second, Plaintiff is being prejudiced by the delay – this process was supposed to be complete in November. Third, with March 20, 2023 as the deadline to complete document production, any additional delay now is going to cause a crunch to complete the depositions by the July 28, 2023 deadline. Given all of this, two weeks does not look to the Plaintiff like a 'brief adjournment.'"

Contrary to Plaintiff's suggestion, Defendants have continued to make efforts to complete discovery in this matter. As the Court is aware, however, Plaintiff asserts 33 individual causes of action and her allegations date back more than a decade and implicate dozens of potential custodians and sources of evidence. Under these circumstances, the discovery process is taking longer to complete than either party had hoped, but Defendants are doing everything necessary to comply with their discovery obligations under the Federal Rules, and in some cases, going above and beyond those obligations by contacting third parties to obtain documents not in their possession. Thus, the suggestion that Defendants have been dragging their feet is simply false.

Moreover, again, Defendants' present application does not prejudice Plaintiff in any way. Indeed, Plaintiff does not explain how a two-week extension will have any meaningful impact on discovery in this matter, particularly when Defendants are continuing to ensure that relevant documents and information are preserved and produced. Although Plaintiff suggests that the deadline to produce all documents is approaching, at this time, the deadline is nearly two months away. This should provide the parties ample time to make meaningful progress towards, if not achieve, the completion of discovery. In addition, to the extent that Plaintiff is concerned the parties will not complete document production before the March 20, 2023 deadline, she can make an application to the Court at the appropriate time. We respectfully submit that Defendants' ongoing, good-faith efforts to confer with Plaintiff and locate responsive documents is good cause to extend the discovery deadline should such an extension become necessary, but at present, it is not necessary.

Plaintiff next complains that discovery should have concluded in November. In doing so, Plaintiff attempts to cast blame on Defendants for the alleged delay in this action. Notably, however, *Plaintiff's* conduct in this action has necessitated at least some of the extension requests made by Defendants. Indeed, despite the Court's Order, Plaintiff initially refused to meaningfully engage with Defendants to negotiate ESI search terms, setting forth her general grievances about Defendants' proposed terms, but failing to produce a list of her own. Indeed, while Defendants submitted their proposed ESI search terms to Plaintiff on November 4, 2022, Plaintiff did not provide her counterproposal until more than one month later, on December 10, 2022. Moreover, Plaintiff has herself made, or joined in, requests for extensions of time to confer regarding ESI issues, or extensions of the close of discovery, including as recently as January 16, 2023. *See, e.g.,* **ECF No. 267** (joint letter dated November 18, 2022 filed by Plaintiff requesting additional time to confer regarding ESI issues); **ECF No. 269** (letter dated December 2, 2022 filed by Plaintiff

requesting additional time to confer regarding ESI issues); **ECF No. 276** (letter dated December 23, 2022 filed by Defendants, seeking extension of time to submit joint letter concerning ESI disputes, and explaining that "Defendants' counsel has discussed this requested extension at length with counsel for Plaintiff, who provided consent for Defendants' counsel to represent that she had no objections."); **ECF No. 280** (letter dated January 16, 2023 filed by Plaintiff requesting an extension of time to submit Plaintiff's position on remaining ESI issues); *see also* **ECF Nos. 20, 95, 115, 219, and 246** (prior requests for extensions and adjournment made by Plaintiff).

In light of the foregoing, Plaintiff's suggestion that a brief, two-week adjournment will cause her prejudice rings hollow. Moreover, to the extent that Plaintiff takes issue with prior Orders issued by the Court extending the discovery deadline or the parties' time to confer, it stands to reason that the Court found good cause for the requested extensions, and it is not at all productive to try to relitigate prior requests.

Finally, while Plaintiff suggests that the requested adjournment will "cause a crunch to complete the depositions by the July 28, 2023," again, Plaintiff is free to make an application for an extension at the appropriate time, and we respectfully submit that good cause would likely exist given the large scope of discovery in this matter and the parties' ongoing, good-faith efforts to locate relevant documents.[1]

Accordingly, and for the reasons set forth in Defendants' initial application letter, Defendants respectfully request that the Court grant their request for an adjournment of the discovery hearing, as well as a corresponding extension of the parties' time to submit their joint or separate letters in advance of the discovery hearing.

We thank you for your consideration of this matter.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

*Copatrick Thomas*

Copatrick Thomas, Esq.

cc: Attorneys of Record (via ECF)

---

[1] Plaintiff's counsel also suggested that "[o]ne of Plaintiff's concerns with respect to this motion is that if the people assigned to this case are not available for the Court, how do they plan to meet the deadlines for the case?" Drawing this argument to its logical conclusion, Plaintiff's counsel appears to suggest that a case cannot proceed efficiently unless all parties remain available to make appearances at any given time. The Court should reject this absurd suggestion.