**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   2/24/2023
```

Indira Kairam, M.D.,

                              Plaintiff,

                 -against-

West Side GI, LLC,

                              Defendant.

1:18-cv-01005 (AT) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are numerous discovery disputes that remained unresolved following the Court's January 31, 2023 conference. (*See* 1/31/2023 Order, ECF No. 291; Defs.' 2/7/2023 Letter, ECF No. 292; Pl.'s 2/7/2023 Letter, ECF No. 293; Defs.' 2/10/2023 Letter, ECF No. 295; Pl.'s 2/15/2023 Letter, ECF No. 299.[1])

I.      **Email Search Terms**

The parties have been negotiating email search terms for an extended period of time. Email search terms were addressed at the in-person conference with the Court on January 31, 2023. (*See* 1/31/2023 Tr., ECF No. 293-1.) However, despite additional meet and confer sessions, the parties still were unable to come to agreement.

---

[1] Plaintiff's February 15, 2023 Letter was untimely. (*See* 2/15/2023 Order, ECF No. 297.) Thereafter, Plaintiff filed three additional letters to the ECF docket. (*See* Pl.'s 2/16/2023 Letter, ECF No. 300; Pl.'s 2/22/2023 Letters, ECF Nos. 301 & 302.) 7. Going forward, the Court shall enforce strict compliance with Court-imposed deadlines, as well as the Court's Individual Practices, including the requirements regarding extensions of time and page limits. Any documents not timely filed shall be disregarded by the Court. In addition, only filings directed by the Court or that comply with the Court's Individual Practices shall be considered. Further, the parties shall not file any unsolicited correspondence with the Court unless pursuant to the Individual Practices of Judge Torres or Magistrate Judge Aaron.

Rule 26 of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows: "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

One of the Sedona Conference Principles[2] is germane to the dispute currently before the Court. Principle 4 states that "[d]iscovery requests for electronically stored information should be as specific as possible." The Sedona Conference, *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production A Project of the Sedona Conference Working Group on Electronic Document Retention and Production*, 19 Sedona Conf. J. 1, 51 (2018). "This duty of specificity applies to the formulation of search terms to be used in ESI searches." *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 17-CV-01266 (MCC), 2019 WL 7102450, at *2 (M.D. Pa. Dec. 23, 2019). "These search terms should be tailored to the needs of the case and designed to capture that which is relevant without burdening parties with excessive, irrelevant data." *Id*. On the whole, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process*." EM Ltd. v.*

---

[2] The Sedona Conference is "a nonprofit legal policy research and education organization, has a working group comprised of judges, attorneys, and electronic discovery experts dedicated to resolving electronic document production issues." *Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec*., 255 F.R.D. 350, 355 (S.D.N.Y. 2008)."Since 2003, the Conference has published a number of documents concerning ESI, including the Sedona Principles." *Id*. "Courts have found the Sedona Principles instructive with respect to electronic discovery issues." *Id*. (citation omitted).

*Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

Here, many of the search terms sought by Plaintiff are non-specific and not proportional to the needs of the case, particularly considering the high hit counts. For example, Plaintiff proposed as search terms the names of doctors who worked at WSGI, *i.e.*, Kairam (herself), Goldberg, Gould and Distler.[3] (*See* Pl.'s Proposed Search Terms & Hit Count Report, Ex. A to Def.'s 2/10/23 Ltr., ECF No. 295-1, at PDF p. 1 (Plaintiff's Proposed Search Terms 1-4).) The hit counts for these searches were 15,913, 22,102, 17,996 and 22,193, respectively.[4] (*See* Pl.'s Proposed Search Terms & Hit Count Report at PDF p.5.) These searches, in the Court's view, amount to a fishing expedition. Similarly, the search term seeking all documents that contain the term "retir*[,]" which would capture any use of the words retire, retires, retiring and retirement, is not proportional to the needs of the case, since the term is not limited in any way (*e.g.*, regarding certain individuals or in relation to certain other terms). The Court finds, in its discretion, that these searches, which are not tied to any limiting terms, are not proportional to the needs of the case.

---

[3] Dr. Distler is a defendant in the consolidated actions filed by Plaintiff. (*See* Second Am. Cons. Compl. ("SACC"), ECF No. 251.) In addition, certain of the allegations contained in the SACC relate to the practice of Dr. Gould, which was acquired by WSGI, and to Dr. Goldberg, who was one of the two oldest doctors at WSGI (along with Dr. Kairam). (*See id*. ¶¶ 75, 108, 122-58.)

[4] The Court cites to the number of hits for "DeDuped Docs w/Family[.]" (*See* Pl.'s Proposed Search Terms & Hit Count Report at PDF p. 5.) The Court notes that in Plaintiff's letter to the Court, dated February 7, 2022, she listed hit counts for her proposed search terms based upon "Unique DeDuped Docs." (*See* Pl.'s 2/7/2023 Letter at 4-5.) However, as explained by Defendants during the February 22, 2023 conference, that number does not reflect the actual number of non-duplicate documents that contain the search term in question. Because the "Unique DeDuped Docs" depends on what other search terms are run and the Court herein is limiting Plaintiff's proposed search terms, many of which are overbroad, the Court finds that, at this stage, the "Unique DeDuped Docs" is not a helpful measure for the number of documents that Defendants would have to review.

After careful review of the parties' submissions and the record in this case, and after consideration of the arguments made by counsel during the February 22, 2023 telephone conference, the Court hereby directs Defendants to use the following search terms in addition to the search terms already agreed upon by the parties:[5]

1. Kairam w/10 Gould

2. Kairam w/10 Distler

3. Kairam w/15 (billing OR "revenue cycle management" OR RCM)

4. Kairam w/15 pension

5. Kairam w/15 (unit OR units OR interest)

6. Goldberg w/10 (age OR old OR senior)

7. Goldberg w/10 performance

8. Gould w/15 (immigrant OR nationality OR "national origin")

9. "Gould practice" w/10 WSGI

10. Gould w/10 (valuat* OR "market value" OR FMV)

11. Distler w/10 billing

12. Distler w/10 (valuat* OR "market value" OR FMV)

13. Any communication among (to/from/cc/bcc) two or more of Distler, Pou, Kairam, Fowler, Schifman, or Henick, transmitted between 2012 and 2015

14. retir* w/10 Kairam

15. retir* w/10 Goldberg

---

[5] These search terms are designed to address Plaintiff's proposed search terms 1-5, 7-8, 10, 12-14, 15 and 17 (*see* Pl.'s Proposed Search Terms & Hit Count Report at PDF p. 1), for which the parties were not able to reach an agreement. As discussed during the February 22, 2023 telephone conference, the parties shall continue to meet and confer regarding Plaintiff's proposed search terms 18 and 23.

16. (retir* OR eval* OR review) w/10 (age OR 70)

17. retir* w/3 (mandatory OR require* OR compulsory)

18. (valuat* OR "market value" OR FMV) w/10 (WSGI OR Westside)

19. (valuat* OR "market value" OR FMV) w/10 method

20. allocat* w/7 (interest* OR unit* OR share*)

21. price* w/5 (interest* OR unit* OR share*)

22. portion w/7 (interest* OR unit* OR share*)

23. value w/7 (interest* OR unit* OR share*)

24. (Fowler w/20 Kairam) w/20 (negotiat* OR interest OR unit*)

25. allocat* w/3 (interest* OR unit* OR share*)

26. ((transfer* OR sell* OR buy* OR purchas*) w/3 (interest* OR unit* OR share*)) w/5
    (WSGI OR westside)

27. ((PE or (P w/1 E) or physician*) w/2 endoscopy) w/10 retir*

28. kickback OR AKS OR "safe harbor"

29. (billing w/10 (commit* or comit*)) and date (between 2016 and Feb 2, 2020)

30. capital w/10 (contribution or investment or account)

Once production is made by the Defendants based upon the agreed-upon and Court-directed search terms, Plaintiff may be permitted limited, targeted additional search terms upon a showing of good cause.

## II.  **Additional Issues Raised By The Parties**

In their letters and during the February 22, 2023 conference, the parties also raised other disputes, including regarding: (1) the scope of production of documents from individuals that Defendants identified as witnesses in their initial disclosures, including Dr. DeLopez, Dr. Lu, Dr.

Linden and Dr. Crespin; (2) the production of non-email documents, including a date certain for Defendants to provide records regarding file structure; and (3) a reasonable time frame for the review and collection of the foregoing documents. The parties are directed to continue to meet and confer in good faith regarding these and any other remaining issues.

With respect to Defendants' request for sanctions (*see* Defs.' 2/10/2023 Letter at 13-15), the Court declines to impose any sanctions upon Plaintiff's counsel at this time. However, Plaintiff's counsel is admonished to be precise regarding her "word choice" (*see* Pl.'s 2/16/2023 Letter at 7), since the Court relies upon representations by counsel. *See Greer v. Carlson*, No. 20-CV-05484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020).

**III.    Conclusion**

For the reasons set forth above, it is hereby Ordered as follows:

1.   Defendants shall run the Court-directed search terms set forth in Section I above and commence a diligent review of the documents generated by the searches.

2.   No later than Friday, March 3, 2023, Defendants shall provide to Plaintiff and the Court an updated hit count of all "DeDuped Docs w/Family" for each of the search terms set forth above.

3.   The parties shall continue to meet and confer regarding the issues set forth in Section II above and any other remaining discovery disputes, including Plaintiff's proposed search terms 18 and 23. With respect to the timing of production, it is the Court's expectation that Defendants shall make rolling productions of documents, and not wait until their review is complete before commencing production.

4.   No later than 6:00 p.m. on Friday, March 10, 2023, the parties shall file a <u>joint</u> letter regarding the status of any remaining disputes. The joint letter also shall set forth a

proposed revised discovery schedule, including a deadline for substantial completion of document production. If the parties are unable to agree on a schedule, the joint letter shall set forth the parties' respective positions. The joint letter shall not exceed six pages.

5. Per the Stipulation and Order filed on July 7, 2021, the related cases, *i.e.*, Case Nos. 19-cv-00923 and 20-cv-09141, were administratively closed, and "[a]ll papers filed in the Consolidated Action [were to] be filed under Case No. 18-cv-01005 (AT) (SDA)." (7/7/21 Stip. & Order, ECF No. 160, ¶¶ 4-5.) However, the parties have continued to file documents to the ECF dockets in Case Nos. 19-cv-00923 and 20-cv-09141. Going forward, the parties shall cease and desist from filing documents in Case Nos. 19-cv-00923 and 20-cv-09141, and shall only file documents in this case. The Clerk of Court is respectfully directed to terminate the open motions in Case Nos. 19-cv-00923 and 20-cv-09141, since they are redundant of motions filed in this case and since those cases have been administratively closed.

**SO ORDERED.**

Dated:       New York, New York
             February 24, 2023

_____
STEWART D. AARON
United States Magistrate Judge