USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/18/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

                Plaintiff,

-against-

WEST SIDE GI, LLC,

                Defendant.

18 Civ. 1005 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Indira Kairam, M.D., brings these consolidated actions against Defendants West Side GI, LLC ("WSGI"), Peter Distler, M.D., and Ricardo E. Pou, M.D., alleging thirty-three counts arising out of her employment and business relationship with Defendants.[1] On December 13, 2021, Defendants moved to dismiss ten of the thirty-three counts in the amended consolidated complaint, ECF No. 187. ECF Nos. 195, 215 at 1 n.2. On February 14, 2022, the Court referred Defendants' motion to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 201. On May 25, 2022, Judge Aaron issued a Report and Recommendation (the "R&R"), recommending that Defendants' motion be granted in part and denied in part. ECF No. 215. On September 14, 2022, the Court adopted in part and rejected in part the R&R (the "September 14 Order"). ECF No. 241. The Court rejected the R&R to the extent that the Court allowed Plaintiff to amend her negligent misrepresentation claims, contrary to Judge Aaron's recommendation that the Court deny Plaintiff leave to amend as to all claims. *Id.* at 7, 9. On September 16, 2022, Judge Aaron ordered Plaintiff to file an amended complaint by September 30, 2022. ECF No. 242. On September 27, 2022, Plaintiff filed a motion for reconsideration of the September 14 Order. ECF Nos. 248–49. On September 30, 2022,

---

[1] By Stipulation and Order this action was consolidated with Case Nos. 19 Civ. 953 and 20 Civ. 9141. ECF No. 160.

Plaintiff filed a second amended consolidated complaint ("SACC") that included claims that were dismissed by the September 14 Order. ECF No. 251.

Before the Court is Plaintiff's motion for reconsideration of the September 14 Order. ECF No. 249; *see also* Pl. Mem., ECF No. 250. For the reasons stated below, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part.[2]

## DISCUSSION[3]

I. Standard of Review

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b). A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[.]" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of New York*, 982 F.2d 73, 76 (2d Cir. 1992) (citation omitted). Motions for reconsideration are not to be used to relitigate old issues, present new theories, secure a rehearing on the merits, or take a "second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

II. Analysis

Plaintiff argues that the Court clearly erred in: (1) denying leave to amend, Pl. Mem. at 1, 5–18; (2) "finding that Plaintiff was a 'sophisticated investor,'" *id.* at 1, 18–20; (3) not finding

---

[2] On October 27, 2022, the Court stated that it would provide further guidance on the SACC and Defendants' time to answer. ECF No. 264. The Court provides that guidance in this order. *See infra* Conclusion.
[3] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 2–6, and, therefore, does not summarize them here.

2

that "peculiar knowledge voids purported disclaimed [sic] in an agreement," *id.* at 1, 20–21; (4) "dismissing fraud claims on the basis that they are duplicative of contract claims where the Court has . . . ruled that Plaintiff does not have a contract claim," *id.* at 2, 21–23; and (5) "refus[ing] to consider" "new evidence which Plaintiff discovered after the motion [to dismiss] was briefed," *id.* at 1, 27–28.

First, Plaintiff argues that denying leave to amend Plaintiff's fraud, breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with business relations claim was clear error. *Id.* at 5. Plaintiff does not identify controlling decisions that the Court overlooked. *Id.* at 5–18. Rather, she attempts to lodge further objections to the R&R in the instant motion. *See, e.g.*, *id.* at 11, 15, 20. For instance, Plaintiff states, "the R&R does not state a valid basis for denying leave to amend on claims other than negligent misrepresentation." *Id.* at 15.[4] This argument is improper on a motion for reconsideration. The Court shall, therefore, not consider these arguments.

Plaintiff, relying on *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015), which the Court considered in the September 14 Order, states that "the Court never identified any specific deficiency with respect to reliance until the . . . R&R." Pl. Mem. at 8. Plaintiff argues that, because "reliance is an element of both fraud and negligent misrepresentation," *id.* (footnotes omitted), she must be given leave to amend as to both claims under Federal Rule of Civil Procedure 15(a)(2), *id.* at 6, 17. The Court determines that reconsideration is appropriate on this ground given the liberal standard of Rule 15. Upon reconsideration, the Court shall allow Plaintiff leave to amend her fraud claim.

---

[4] Judge Aaron recommended that leave to amend be denied as to Plaintiff's fraud, breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with business relations claims because "Plaintiff already has had the benefit of judicial guidance with respect to [those] claims," R&R at 30, and was given leave to amend, ECF No. 123 at 37; ECF No. 134 at 11.

3

On the other hand, the Court finds that reconsideration of its denial of leave to amend Plaintiff's breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with business relations claims is not warranted. *Obra Pia Ltd. v. Seagrape Invs. LLC*, No. 19 Civ. 7840, 2021 WL 1978545, at *3 (S.D.N.Y May 18, 2021) ("Ordinarily a plaintiff should be granted leave to amend at least once after having the benefit of a court's reasoning in dismissing the complaint.").

Accordingly, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part. The Court SUSTAINS Plaintiff's objection to the denial of leave to amend her fraud claim, REJECTS the R&R in part, and GRANTS Plaintiff's request for leave to amend her fraud claim.

Second, Plaintiff contends that the Court erred in finding that Plaintiff failed to plead justifiable reliance because the complaint alleges that she is a sophisticated party. Pl. Mem. at 18–20. The Court did not, as Plaintiff asserts, engage in "impermissible fact finding." *Id.* at 19. The Court finds, however, that it need not decide whether Plaintiff is a sophisticated party at this stage. The Court exercises its discretion under Rule 54(b) to revise the September 14 Order. Therefore, that portion of the September 14 Order is VACATED. Because the Court determined that Plaintiff failed to plead a fraud claim for other reasons in the September 14 Order, ECF No. 241 at 5, this vacatur has no bearing on whether Plaintiff sufficiently pleaded a fraud claim. Accordingly, Plaintiff's motion for reconsideration is GRANTED.

Third, Plaintiff restates arguments that "peculiar knowledge voids disclaimers," Pl. Mem. at 20, which the Court already considered, ECF No. 241 at 3 (citations omitted). These arguments are not properly before the Court on a motion for reconsideration. *Analytical Survs., Inc.*, 684 F.3d at 52. Accordingly, Plaintiff's motion for reconsideration is DENIED.

Fourth, Plaintiff argues that the Court "engage[d] in circular reasoning to dismiss both Plaintiff's contract and fraud claims as duplicative." Pl. Mem. at 22. Plaintiff cites inapposite caselaw, which does not justify reconsideration. *Id.* at 22–23. Accordingly, Plaintiff's motion for reconsideration is DENIED.

Fifth, Plaintiff contends that the Court "refused . . . to consider the discovery of" WSGI's New York State Department of Health filings "in conjunction with reviewing the R&R." Pl. Mem. at 28; *see also* ECF No. 226. Plaintiff asserts that the "new evidence" "confirm[s] that Plaintiff can add sufficient detail to support her claims and that the Court has made an improper factual finding based on false information." *Id.* Plaintiff's arguments misstate the record and the September 14 Order. On July 6, 2022, Plaintiff wrote to the Court concerning alleged falsehoods made by Defendants during the course of this litigation. ECF No. 226. On July 7, 2022, the Court denied Plaintiff's request to strike portions of Defendants' motion to dismiss, but permitted Plaintiff to file an amended version of her objections to the R&R incorporating the issues she raised in her July 6, 2022 letter. ECF No. 227. On July 13, 2022, the Court provided further guidance to Plaintiff, stating that, if Plaintiff believed defense counsel misled the Court, she could address her concerns through, for instance, Rule 11 sanctions, and the Court was limited to considering the facts in the complaint when assessing a motion to dismiss. ECF No. 229 at 2 n.1 (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). And, although Plaintiff describes this evidence as "new," it is not new evidence for purposes of a motion for reconsideration, as Plaintiff raised these issues via letter and in her objections to the R&R. *See Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578–79 (S.D.N.Y. 2015). Contrary to Plaintiff's assertions, Pl. Mem. at 28, the Court has not made any factual findings at this stage. Because Plaintiff restates arguments that the Court has

already considered and addressed, ECF No. 241 at 8, reconsideration is improper. Accordingly, Plaintiff's motion for reconsideration is DENIED.

For the same reason, the Court DENIES reconsideration as to the September 14 Order's findings concerning misstatements of present fact, Pl. Mem. at 21, and justifiable reliance, *id.* at 23–24.

Plaintiff's arguments that the Court's decisions have caused "manifest injustice" to Plaintiff misrepresent the Court's rulings and the applicable caselaw. Pl. Mem. at 1, 4–5, 24–27. Reconsideration is, therefore, not appropriate. Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Court has considered the remainder of Plaintiff's arguments and found them to be without merit.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part. Upon reconsideration, the Court SUSTAINS Plaintiff's objection to the R&R's recommendation to deny leave to amend her fraud claim, REJECTS the R&R in part, and GRANTS Plaintiff's request for leave to amend her fraud claim. Also upon reconsideration, to the extent that the September 14 Order decided that Plaintiff is a sophisticated party based on the allegations in the complaint, that portion of the September 14 Order is VACATED. Plaintiff's motion for reconsideration is otherwise DENIED. This order does not otherwise alter the September 14 Order, which adopted the majority of Judge Aaron's recommendations in the R&R.

The SACC includes claims that were dismissed in the September 14 Order and is, therefore, improper. By **May 9, 2023**, Plaintiff shall file a revised second amended complaint that

is consistent with the September 14 Order and this order in accordance with Rule III.H of the Court's Individual Practices in Civil Cases.  By **May 30, 2023**, Defendants shall respond to the revised second amended complaint.

    The Clerk of Court is directed to terminate the motion at ECF No. 249.

    SO ORDERED.

Dated:  April 18, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge