```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Indira Kairam, M.D.,

                            **Plaintiff,**

      -against-

West Side GI, LLC,

                            **Defendant.**

**1:18-cv-01005 (AT) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Before the Court is a request by Plaintiff to unseal the redacted portions of certain documents which are exhibits to the Revised Second Amended Consolidated Complaint ("RSACC"). (*See* Pl.'s 5/12/2023 Letter, ECF No. 320 (filed under seal at ECF No. 321).) These documents previously were filed as attachments to prior pleadings and the Court approved the redactions in Orders dated October 1, 2018 (ECF No. 76), December 8, 2021 (ECF No. 192) and August 2, 2022 (ECF No. 236.)

      Plaintiff now argues that many of the redactions were never warranted because Defendants had already made the information publicly available through filings with the New York Department of Health ("DOH"). (Pl.'s 5/12/2023 Letter at 1.) In particular, Plaintiff argues that the redactions of Schedule A to the June 15, 2010 Operating Agreement of WSGI (*see* RSACC Ex. 2, ECF No. 318-1, at 87) are improper because WSGI disclosed the share amounts in a June 2010 filing to the New York Department of Health, which is available to the public. (*See id*; *see also* WSGI June 2010 DOH Filing, ECF No. 320-1.) Based upon this filing, the Court agrees with Plaintiff that the percentage interest column of Schedule A should be unsealed since it is set forth in a publicly available document. Plaintiff also points to information contained in RSACC Ex. 6

(ECF No. 318-4, at p. 7-18) that she believes reveals information previously filed under seal. (See Pl.'s 5/12/2023 Letter at 2.) However, Plaintiff's Letter is unclear[1] as to exactly which information she seeks to unseal based on the information contained in Exhibit 6. For example, the DOH filings do not appear to include information regarding capital contributions that is redacted in Schedule A of the WSGI Operating Agreement.

If Plaintiff is aware of other instances where redacted information is publicly available, she should call them to the Court's attention with specific citations to both the redacted information and the public source, as she did with the percentage interest example discussed above. Similarly, Plaintiff's mere assertion that it is her understanding that the Gould Practice is being wound down is insufficient to warrant unsealing at this time. Although Defendants bear the burden to justify the proposed redaction, the Court already has found the limited redactions at issue here to be warranted and will not revisit, nor require Defendants to relitigate, the Court's prior Orders without some basis to do so.

Accordingly, it is hereby Ordered that Plaintiff's request is GRANTED IN PART and DENIED IN PART. The Court will require unsealing of the percentage interest column in Schedule A of the WSGI Operating Agreement. (*See* RSACC Ex. 2, ECF No. 318-1, at 87). No later than Friday, June

---

[1] It appears that some text may be missing from the Letter between p. 1 and p. 2.

9, 2023, Plaintiff shall email to the Court, at Aaron_NYSDChambers@nysd.uscourts.gov, a newly redacted version of RSACC Ex. 2, which the Court will arrange to have replaced on the ECF docket.

**SO ORDERED.**

Dated:   New York, New York
         June 6, 2023

_____
STEWART D. AARON
United States Magistrate Judge