```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

        Plaintiff,

-against-

WEST SIDE GI, LLC, PETER DISTLER, M.D.,
and RICARDO E. POU, M.D.,

        Defendants.

18 Civ. 1005 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Indira Kairam, M.D., brings this action against Defendants, West Side GI, LLC ("WSGI"), Peter Distler, M.D., and Ricardo E. Pou, M.D., alleging thirty[1] counts arising out of her employment and business relationship with Defendants. Defendants move to dismiss four of the counts—namely, the fraud and negligent-misrepresentation claims—in Plaintiff's revised second amended consolidated complaint, ECF No. 318. Mot., ECF No. 329; *see* Defs. Mem., ECF No. 330. On June 1, 2023, the Court referred Defendants' motion to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 331.

    Before the Court is Judge Aaron's Report and Recommendation (the "R&R"), dated October 9, 2023, which recommends that Defendant's motion be granted and that leave to amend be denied. R&R at 1, ECF No. 372. Plaintiff timely objected to the R&R. Pl. Objs., ECF No. 387. For the reasons stated below, the Court OVERRULES Plaintiff's objections and ADOPTS the R&R in its entirety.

---

[1] The operative complaint contains thirty-three counts, but three are "reserved for appeal." *See* ECF No. 318 at 64, 73, 75.

## DISCUSSION[2]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates [her] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review.").  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

---

[2] The Court presumes familiarity with the facts and procedural history of this action as detailed in the prior orders of the Court and Judge Aaron.  *See* ECF Nos. 215, 241, 315.

II.     Analysis

The R&R recommends that the three theories of Plaintiff's fraud claim and her negligent-misrepresentation claim be dismissed and that leave to amend be denied. Plaintiff objects to each recommendation. *See generally* Pl. Objs.

 A. Fraud

  1.  Fraudulent Misrepresentations During Negotiations

Plaintiff objects to the R&R's conclusion that her reliance on statements during negotiations to buy WSGI shares was not justifiable, a necessary element of fraud. *See* Pl. Objs. at 7–19. In assessing reliance, courts "consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." *Universe Antiques, Inc. v. Varelka*, 510 F. App'x 74, 75–76 (2d Cir. 2013) (citation omitted).[3] Plaintiff contends that the R&R "fails to perform a complete analysis" of the factors. Pl. Objs. at 10, 12. Plaintiff's conclusory objection is belied by the R&R, which carefully examines the transaction as a whole and finds that the specific disclaimers in the Membership Subscription Agreement ("MSA") that Plaintiff signed preclude justifiable reliance, regardless of Plaintiff's sophistication. R&R at 8, 12; *see* ECF No. 241 at 3 (overruling Plaintiff's prior objection to "giving effect to a disclaimer in the [MSA]").

Plaintiff next attempts to circumvent the disclaimers in two ways, and objects to the R&R's rejection of both. First, Plaintiff argues that the disclaimers are ineffective because WSGI had purportedly failed to deliver a signed copy of the MSA to Plaintiff. Pl. Objs. at 18–20. The R&R

---

[3] Plaintiff argues that the R&R applied the standard for "reasonable reliance" and contends that this is a more stringent standard than "justifiable reliance." Pl. Objs. at 7–9. The R&R notes that the Second Circuit and New York courts use the terms interchangeably. R&R at 6 (collecting cases). Moreover, the R&R applies the test that the Second Circuit has set forth—and that, indeed, Plaintiffs request this Court to use—to determine "justifiable reliance." *Compare* R&R at 6 *with* Pl. Objs. at 9.

finds this argument to "lack[] credulity," as Plaintiff has worked at WSGI for nine years pursuant to the MSA, alleges that WSGI signed the MSA, and does not allege that she lacks a signed copy. R&R at 8–9. Plaintiff argues only that the Court should not assess credulity on a Rule 12(b)(6) motion. Pl. Objs. at 18. But, the Court need not credit allegations that are not well-pleaded, *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 683 (2009), and, therefore, agrees with Judge Aaron's analysis.

Second, Plaintiff contends that certain alleged misrepresentations referred to facts within Defendants' peculiar knowledge and were, therefore, not covered by the disclaimers. The R&R finds that Plaintiff was able to access each piece of information that she claims was peculiar. R&R at 11–12. Plaintiff does not contest this finding, claiming instead that the R&R did not account for her level of sophistication in determining whether knowledge was peculiar to Defendants. *See* Pl. Objs. at 14–16. But, the R&R correctly found that "even the most unsophisticated investor cannot fail to do any diligence" when she has "access to all necessary information." R&R at 12–13; *see Merrill Lynch & Co. v. Allegheny Energy, Inc.*, No. 02 Civ. 7689, 2005 WL 832050, at *7 (S.D.N.Y. Apr. 12, 2005) (noting that the exception applies when the party had no access to or notice of the information alleged to be "critical [and] material"); *DIMON Inc. v. Folium, Inc.*, 48 F. Supp. 2d 359, 368 (S.D.N.Y. 1999) (finding peculiar knowledge when the information was accessible "only with extraordinary effort or great difficulty"). Accordingly, the Court OVERRULES Plaintiff's objections to Judge Aaron's recommendation as to this fraud theory.

      2.  Fraudulent Misrepresentations in MSA

Plaintiff contends that the MSA implied WSGI's compliance with an ambulatory surgery center exception to the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(3)(L)(ii)(II) (the "ASC Safe

Harbor").[4]  Pl. Objs. 16–17.  But, Plaintiff's general objection offers no response to two holdings in the R&R that preclude this fraud theory: (1) Plaintiff could not justifiably rely on any representation of future compliance in light of an MSA disclaimer, R&R at 20; and (2) Plaintiff did not adequately allege that, at the time of the MSA's execution, Defendants knew that they were currently non-compliant with the ASC Safe Harbor, *id.* at 16.  Accordingly, Plaintiff's objection is OVERRULED.

### 3.  Fraudulent Inducement

The R&R concludes that Plaintiff's fraudulent inducement claim remains duplicative of her breach-of-contract claims.  R&R at 17–18; *see also* ECF No. 215 at 20.  Plaintiff argues that, because the Court already dismissed her breach-of-contract claims, the fraud claims must be permitted to proceed.  Pl. Objs. at 26–28; *see* ECF No. 215 at 26–30 (recommending dismissal of Plaintiff's breach-of-contract claims), *R. & R. adopted in relevant part*, ECF No. 241 at 7; *see also id.* (denying leave to amend contract claims).  Plaintiff is incorrect.

If the allegations underlying a fraud claim arise from the parties' duties under a contract, "a cause of action sounding in fraud does not lie," unless the plaintiff can demonstrate (1) a legal duty separate from the contractual duty, (2) a fraudulent misrepresentation collateral or extraneous to the contract, or (3) the availability of special damages that are unrecoverable as contract damages.  *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996).  The R&R finds that the fraudulent-inducement claim is based on a lack of "sincer[ity] in [Defendants'] promise to perform" under the MSA—in other words, the parties' duties under the contract.[5]  R&R at 19.

---

[4] The ASC Safe Harbor affects the valuation of the company: in other words, compliance with the ASC Safe Harbor would permit WSGI to compute a different valuation than if WSGI were not in compliance.

[5] Plaintiff also claims that—outside of the MSA—Defendants "promise[d] to compensate her for cases," but the R&R correctly found that, under New York law, this "promissory statement of what will be done in the future gives rise only to a breach of contract cause of action."  R&R at 19 (quoting *Matsumura v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 253 (S.D.N.Y. 2008))

And, Plaintiff does not demonstrate any of the three exceptions set forth in *Bridgestone/Firestone*.[6] Therefore, Defendants' purported intent not to perform their duties under the MSA is cognizable only as a breach-of-contract claim, and Plaintiff cannot resurrect her dismissed contract claim as a fraud cause of action. Accordingly, Plaintiff's objection is OVERRULED.

### B. Negligent Misrepresentation

The R&R concludes that Plaintiff's allegations regarding a "long history of trust and professional respect" fail to give rise to the "privity-like" relationship necessary for a negligent-misrepresentation claim. R&R at 23; *see* ECF No. 215 at 21–27. In objecting, Plaintiff merely reiterates that she has "long, pre-existing relationships"[7] with the three persons who purportedly made misrepresentations to her, "as well as an intense relationship of trust with WSGI." Pl. Objs. at 23–25. As such, Plaintiff does not trigger *de novo* review, and the Court finds that the R&R did not commit clear error. *See* ECF No. 241 at 5–6.

Moreover, even if Plaintiff could demonstrate a privity-like relationship, the R&R rejects Plaintiff's negligent-misrepresentation claims on multiple grounds that the Court has already discussed: Plaintiff cannot claim reasonable reliance on the misrepresentations, and the claim itself is cognizable only as a breach-of-contract claim. R&R at 23–24; *see supra* Section I.A. Accordingly, Plaintiff's objection is OVERRULED.

---

[6] Plaintiff cites caselaw stating that dismissal is required only when the contract claim is "viable." Pl. Objs. at 27–28. Plaintiff interprets this caselaw to foreclose a duplicativeness finding when the breach-of-contract claims are dismissed. But, her cited cases stand for a different proposition: a fraud claim may proceed despite a parallel breach-of-contract claim if the party against whom the fraud claim is asserted was not a party to the contract. *See Sun Prods. Corp. v. Burch*, 507 F. App'x 46, 48 (2d Cir. 2013); *Richbell Info. Servs. v. Jupiter Partners*, 309 A.D.3d 288, 305 (N.Y. App. Div. 2003); *see also Exch. Listing, LLC v. Inspira Techs., Ltd.*, 661 F. Supp. 3d 134, 157 (S.D.N.Y. 2023) ("[A] plaintiff may separately state a claim for fraud against a non-party to a contract that would otherwise be barred as duplicative of a breach of contract claim against a party to the contract"). Because Defendants were parties to the MSA and made the alleged oral promise to compensate her for cases, the exception does not apply.

[7] Plaintiff states that these persons gave her business advice and "used her office to perform procedures." Pl. Objs. at 23–24. These allegations are insufficient to explain why "[P]laintiff's reliance on [their] representation[s] was justifiable." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 281 (S.D.N.Y. 2004).

6

C. Leave to Amend

"[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." *Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 671 (2d Cir. 2021) (citation omitted). Plaintiff argues that the R&R's recommendation to deny her leave to amend ignores the Second Circuit's precedent in *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, 797 F.3d 160, 190 (2d Cir. 2015). Plaintiff is incorrect. *Loreley* requires only that the Court provide Plaintiff with guidance as to the "precise defects" before denying leave to amend. 797 F.3d at 191. The Court has done so with regard to the fraud claims twice and the negligent-misrepresentation claims once.[8] *See* ECF No. 241 at 6–7. Plaintiff does not contest the R&R's finding that the deficiencies in Plaintiff's second amended complaint persist and "remain remarkably the same as in the prior pleading." R&R at 24. Plaintiff, moreover, has not identified "how [she] propose[s] to amend the complaint to cure its defects." *F5 Cap v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017). Accordingly, Plaintiff's objection is OVERRULED, and the Court denies leave to amend.

## CONCLUSION

Plaintiff's objections are otherwise conclusory and general or restate the parties' original arguments. *Wallace*, 2014 WL 2854631, at *1; *Bailey*, 2014 WL 2855041, at *1. Thus, the Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.

---

[8] Indeed, the Court previously permitted Plaintiff the opportunity to replead her negligent-misrepresentation claim, overruling Judge Aaron's recommendation, *see* ECF No. 241 at 7, 9; and granted Plaintiff leave to amend the fraud claim specifically related to the issue of reliance, *see* ECF No. 315 at 3.

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R and ADOPTS the R&R in its entirety. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 329 and 383.

SO ORDERED.

Dated: January 12, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge