```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
INDIRA KAIRAM, M.D.,

                Plaintiff,

-against-

WEST SIDE GI, LLC, PETER DISTLER, M.D., and RICARDO E. POU, M.D.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/05/2024
```

18 Civ. 1005 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Indira Kairam, M.D., brings this action against Defendants, West Side GI, LLC ("WSGI"), Peter Distler, M.D., and Ricardo E. Pou, M.D., alleging thirty[1] counts arising out of her employment and business relationship with Defendants. By order dated January 12, 2024 (the "Order"), the Court adopted the Honorable Stewart D. Aaron's report and recommendation (the "R&R"), dismissing four counts—Plaintiff's fraud and negligent-misrepresentation claims—and denying leave to amend. Order, ECF No. 400. Plaintiff now moves for reconsideration pursuant to Local Civil Rule 6.3. ECF No. 401; *see* Pl. Mem., ECF No. 405. For the reasons stated below, the motion is DENIED.

## LEGAL STANDARD

    Under Local Civil Rule 6.3, the standard for a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (applying *Shrader* to a motion for reconsideration under Local Civil Rule 6.3). A motion for reconsideration is appropriate only where the movant shows that the Court "has overlooked controlling decisions or factual matters that were put before it on the

---

[1] The operative complaint contains thirty-three counts, but three are "reserved for appeal." *See* ECF No. 318 at 64, 73, 75.

underlying motion[,] and which, had they been considered, might have reasonably altered the result before the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (citation omitted) (cleaned up).

Under Federal Rule of Civil Procedure 54(b), moreover, the Court retains inherent authority to revisit its decisions before the entry of final judgment. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996). Similar to the local rule, the moving party "ordinarily must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Rezulin Prod. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (citation omitted).

## DISCUSSION

Plaintiff argues that the Court erred by (1) failing to make a determination as to Kairam's level of sophistication, Pl. Mem. at 2–6; (2) relying on the disclaimer to determine that certain information was not within Defendants' peculiar knowledge, *id.* at 6–9; (3) failing to apply the proper reliance standard to her fraud claim, *id.* at 9–16; (4) holding that certain statements in her contract were not actionable as fraud, *id.* at 17–19; (5) holding that her fraudulent-inducement claims were not cognizable as contract claims, *id.* at 19–20; (6) engaging in impermissible factfinding at the pleading stage with regard to contract formation, *id.* at 20–22; (7) failing to apply the correct legal standards, *id.* at 22–26; and (8) denying leave to amend, *id.* at 27–30.

Plaintiff's first, second, third, and fourth arguments restate her objections to the R&R, which the Court already considered. *See* Order at 3–5. A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684

F.3d 36, 52 (2d Cir. 2012) (citations omitted).  Because these arguments do not provide a basis for reconsideration, Plaintiff's motion as to these issues is DENIED.

Plaintiff's fifth argument generally repeats her argument that a fraud claim cannot be dismissed as duplicative of a non-viable contract claim, which the Court has already rejected.  Order at 5–6.  Plaintiff also claims that the Court made a factual mistake by stating that all Defendants were parties to the Membership Subscription Agreement ("MSA").  *See* Pl. Mem. at 20 (citing Order at 6 n.6).  Plaintiff misreads the Order.  Defendant WSGI is a party to the MSA, and Defendants Pou and Distler made the alleged oral promises; because both the MSA and the representations were subject to breach-of-contract claims, Plaintiff cannot resurrect them as fraud claims.  Order at 5–6.  Her motion on this ground is, therefore, DENIED.

Sixth, Plaintiff contends that the Court engaged in impermissible factfinding by rejecting her claim that the MSA was ineffective because "it is apparent that Defendants never delivered the countersigned copy to Plaintiff."  Pl. Mem. at 20–22.  In adjudicating a Rule 12(b)(6) motion, a Court's refusal to consider allegations that are not well-pleaded does not amount to impermissible factfinding.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 683 (2009).  Plaintiff does not dispute that the complaint alleges that WSGI signed the MSA.  Nor does she allege that she lacks a signed copy.  Order at 4 (citing R&R at 8–9).  Accordingly, Plaintiff's conclusory argument does not necessitate reconsideration, and her motion as to this issue is DENIED.

Seventh, Plaintiff argues that the R&R did not draw all reasonable inferences in her favor as required on a Rule 12(b)(6) motion, and that the Court applied the wrong legal standard in adopting the R&R.  Pl. Mem. at 22–25.  This general objection is belied by the thorough analysis in the R&R.  *See* Order at 7.  And, consistent with Second Circuit precedent, the Court applied a clear-error

3

standard to Plaintiff's conclusory objections and a de novo standard to those that were not. *See* Order at 2, 7. Accordingly, reconsideration on this point is DENIED.

Finally, Plaintiff objects to the Court's denial of leave to amend because "the Court did not identify" the failures in her complaint previously. Pl. Mem. at 27–29. Plaintiff is incorrect: the Court specifically stated that her fraud claims were deficient with respect to reliance. ECF No. 315 at 3. And, although Plaintiff has had "the benefit of a court's reasoning in dismissing" her complaint, *Obra Pia Ltd. v. Seagrape Invs. LLC*, No. 19 Civ. 7840, 2021 WL 1978545, at *3 (S.D.N.Y. May 18, 2021), the complaint's deficiencies "remain remarkably the same." Order at 7 (quoting (R&R at 24).

Plaintiff separately argues that new evidence necessitates providing her leave to amend. The Court disagrees. "New evidence" for the purpose of a motion for reconsideration is evidence that was "unavailable to the movant when the Court made its previous ruling and could not have been found by due diligence." *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. 14 Civ. 9494, 2015 WL 9480080, at *2 (S.D.N.Y. Dec. 22, 2015). Plaintiff does not indicate that the supposedly new evidence, most of which was referenced in her objections to the R&R, was unavailable to her despite due diligence. *See Geo-Group Comms., Inc. v. Shah*, 2020 WL 6729181, at *2 (rejecting reconsideration motion where the court considered the statements that the plaintiff argued were overlooked). Here, too, Plaintiff has not met the "strict" standard for reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 401.

SO ORDERED.

Dated: June 5, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge