USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Indira Kairam, M.D.,

                              Plaintiff,

-against-

West Side GI, LLC,

                              Defendant.

1:18-cv-01005 (AT) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

## INTRODUCTION

Pending before the Court are multiple motions to seal filed by Plaintiff and Defendants, as follows: (1) Plaintiff's Letter Motion, dated November 12, 2024 (Pl.'s 11/12/24 Ltr. Mot., ECF No. 440); (2) Plaintiff's Letter Motion, dated December 23, 2024 (Pl.'s 12/23/24 Ltr. Mot., ECF No. 466); (3) Defendants' Letter Motion to Seal, dated January 24, 2025 (Defs.' 1/24/25 Ltr. Mot., ECF No. 476); (4) Defendants' Letter Motion, dated January 24, 2025 (Pl.'s 1/24/25 Ltr. Mot., ECF No. 477); and (5) Plaintiff's Letter Motion, dated January 24, 2025. (Pl.'s 1/24/25 Ltr. Mot., ECF No. 478.) This Order disposes of each of such motions.

## LEGAL STANDARDS

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620-21 (S.D.N.Y. 2011). The presumption of access is "based on the

need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (requiring that court make "specific, rigorous findings before sealing a document or otherwise denying public access"). Examples of "higher values" that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third parties. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-00655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound

discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id*. (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id*. (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id*. (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id*.

## **DISCUSSION**

Applying the foregoing Legal Standards, the Court rules as follows with respect to each motion:

1. Plaintiff's November 12, 2024 Letter Motion (ECF No. 440) is DENIED because Plaintiff has failed to identify the specific documents she seeks to have sealed.[1]

---

[1] The Court notes that the last sentence of the Letter Motion is incomplete and ends midsentence.

2. Plaintiff's December 23, 2024 Letter Motion (ECF No. 466) is DENIED WITHOUT PREJUDICE. By this Letter Motion, Plaintiff seeks to maintain under seal a collection of 30 pages of documents that were filed under seal by her at ECF No. 467-1. On the present record, Plaintiff has failed to meet her burden to show why all these pages should be sealed. It appears to the Court that at least some of the pages, or portions of the pages, should be publicly filed, such that the sealing request is not narrowly tailored, as required. If Plaintiff seeks to maintain under seal the documents (or portions of the documents) filed at ECF No. 467-1, she shall, no later than July 31, 2025, file a renewed Letter Motion addressing, for each item of information that she wishes to maintain under seal, the weight of the presumption of public access and any countervailing considerations that weigh against public disclosure. In addition, if Defendants wish to maintain under seal the documents (or portions of the documents) filed at ECF No. 467-1, they shall, no later than July 31, 2025, file a Letter Motion addressing, for each item of information that they wish to maintain under seal, the weight of the presumption of public access and any countervailing considerations that weigh against public disclosure.

3. Defendants' January 24, 2025 Letter Motion (ECF No. 476) is GRANTED. The Court finds that Defendants in their Letter Motion have made an adequate showing for sealing the designated portions of the documents filed at ECF Nos. 476-1 through 476-8. The requested, limited sealing is essential to preserve higher values and is

4

narrowly tailored to serve that interest. No later than June 25, 2025, Defendants shall publicly file redacted versions of the foregoing documents.

4. Defendants' January 24, 2025 Letter Motion (ECF No. 477), which seeks to seal Defendants' Letter Motion and exhibits filed at ECF No. 476, is GRANTED IN PART and DENIED IN PART.[2] Defendants' Letter Motion is GRANTED with respect to the documents filed at ECF No. 476-1 through 476-8 to the extent set forth in paragraph 3 hereof. However, Defendants' Letter Motion is DENIED with respect to the Letter Motion itself, which sets forth the basis for the sealing motion. Courts within this Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access. *See McGill v. Univ. of Rochester*, No. 10-CV-06697 (JWF), 2013 WL 5951930, at *11 (W.D.N.Y. Nov. 6, 2013), *aff'd*, 600 F. App'x 789 (2d Cir. 2015); *see also Vineyard Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-01096 (SALM), 2019 WL 12024583, at *6 n.6 (D. Conn. Apr. 1, 2019) (Merriam, M.J.) ("The motion to seal itself should be filed on the public docket and **not** under seal.") (emphasis in original).

5. Plaintiff's January 24, 2025 Letter Motion (ECF No. 478), which seeks to seal "Plaintiff's sealing motion"[3] is DENIED. Plaintiff misapprehends the comments made by this Court's District Executive, Edward Friedland, that are quoted in the

---

[2] Defendants' January 24, 2025 Letter Motion was filed as an Emergency Letter Motion since Defendants inadvertently failed to file ECF No. 476 under seal. On January 25, 2025, the Clerk of Court filed ECF No. 476 under seal.

[3] Plaintiff does not specifically identify the "sealing motion" to which she is referring.

Law360 article. Mr. Friedland did not state that data miners were obtaining access to sealed materials.

6. The Clerk of Court is respectfully requested to unseal Defendants' Letter Motion filed at ECF No. 476. For the avoidance of doubt, the seal shall be maintained on ECF Nos. 476-1 through 476-8.

**SO ORDERED.**

Dated:   New York, New York
         June 17, 2025

_____
STEWART D. AARON
United States Magistrate Judge