UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

                Plaintiff,

-against-

WEST SIDE GI, LLC,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/30/2025_

18 Civ. 1005 (AT) (SDA)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff, Indira Kairam, M.D., brings this consolidated action against Defendants West Side GI, LLC ("WSGI"), Peter Distler, M.D., and Ricardo Pou, M.D. (collectively, "Defendants"), alleging, *inter alia*, discrimination arising from her membership interest in WSGI, an ambulatory surgical center for endoscopy procedures in Manhattan. *See generally* Revised Second Amended Consolidated Compl. ("RSACC"), ECF No. 318. Before the Court are: (1) Kairam's motion for partial summary judgment on her claim of misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 *et seq.*, and New York law, Pl. DTSA Mot., ECF No. 437; *see also* Pl. DTSA Mem., ECF No. 439; (2) Defendants' joint motion for summary judgment, Defs. SJ Mot., ECF No. 438; *see also* Defs. SJ Mem., ECF No. 443; (3) Kairam's motion for partial summary judgment on her claim for payment pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1109, 1132, for her 2017 benefit plan year ("plan year 2017"), Pl. ERISA Mot., ECF No. 446; *see also* Pl. ERISA Mem., ECF No. 451, and (4) Kairam's motion for partial summary judgment on her claim for payment pursuant to the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and related New York State and City law, Pl. EPA Mot., ECF No. 447.

    Pursuant to an order of reference, the Honorable Stewart D. Aaron issued a report (the "R&R") recommending that Kairam's partial motions for summary judgment be denied, and that

Defendants' motion for summary judgment be granted in part and denied in part. R&R at 67–69, ECF No. 481.

Also before the Court are the timely objections to the R&R filed by Kairam, Pl. Objs., ECF No. 489, and Defendants, Defs. Objs., ECF No. 488, and responses to those objections filed by both parties, Defs. Resp., ECF No. 490; Pl. Resp., ECF No. 491. For the reasons stated below, the Court overrules all objections and adopts the R&R in full.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the report and recommendation to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). But when a party does not object, or "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R&R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons,* 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).

# DISCUSSION[1]

Both Kairam and Defendants make objections to the R&R's denial or grant of summary judgment as to specific claims in the RSACC. The Court addresses each in turn and adopts the other conclusions and recommendations in the R&R to which the parties do not object.

I. Equal Pay Discrimination

Kairam objects to the R&R's recommendation granting Defendants' motion for summary judgment on her claim of equal pay discrimination under New York Labor Law ("NYLL") § 198 and the EPA on three grounds.[2] Pl. Objs. at 2–10.

First, Kairam argues that she is an employee within the meaning of both the NYLL and EPA, an argument she already raised and which is addressed in the R&R. Pl. Objs. at 3–5. The Court reviews for clear error and finds none. Judge Aaron concluded that he did not need to reach the issue of whether Kairam is an employee because Kairam cannot make a claim under both statutes. R&R at 18.

Second, Kairam objects to the R&R's conclusion that she cannot establish an EPA or related NYLL claim because she is unable to show that she receives less pay than her male counterparts for equal work. Kairam contends that the distribution of profits she receives as part of her compensation structure is tied to her work at WSGI, specifically the procedures she completed as a gastroenterologist. Pl. Objs. at 6. As this was part of her original argument, and Judge Aaron considered it, the Court reviews for clear error. The R&R concludes that distributions are not payment

---

[1] The Court presumes familiarity with the facts and procedural history of this action, *see* R&R at 2–8, and recites only key facts and procedural details in connection with the parties' objections below.

[2] For the first time in her objections, Kairam claims that there are two other forms of evidence of wage discrimination: sex discrimination in a member-physician's ability to join one of the health benefit plans provided by WSGI; and (2) discrimination in the third-party, insurer-provided fee schedules that set the rates at which each physician is paid. *See* Pl. Obj. 3–4; 6–7. Because these are new arguments and factual assertions, they cannot be deemed as objections to the R&R, and the Court does not consider them.

for a physician's procedures at WSGI but instead are based on membership share, which is an undisputed fact between the parties. R&R at 20 & n.16. Both the EPA and NYLL require an employee to show that an employer engaged in pay discrimination for "equal work" on a job. *See* 29 U.S.C. § 206(d)(1); N.Y. Lab. Law § 194(1)(a). Because the distributions that Kairam receives are not tied to work she is performing, the Court finds no error in the R&R's conclusion that Kairam has not established an EPA or related NYLL claim based on any discrepancies in distributions that a physician might receive and, therefore, adopts it.

Third, Kairam objects to the R&R's conclusion that, even assuming she could establish unequal pay for equal work based on distributions, Defendants have shown that any differential in the distributions a physician receives is based on a factor other than sex—that is, differences in membership percentage. She argues that membership percentage is a pretext for discrimination by raising the same arguments already addressed in the R&R or advancing new arguments that cannot be considered. Pl. Objs. at 7–10. The Court reviews for clear error and finds none. The R&R concluded that Kairam has not adduced any evidence showing that the allocation of membership shares was discriminatory. R&R at 20–21. Defendants have shown that there was a non-discriminatory reason for any differential in distributions.

The Court, therefore, adopts the R&R's recommendation that Defendants' motion for summary judgment be granted with respect to Kairam's EPA claims and the equal pay portion of her NYLL § 198 claim and that Kairam's partial motion for summary judgment with respect to these claims be denied. Accordingly, judgment is granted for Defendants on Counts[3] 1, 15, 21 (EPA claims) and Count 13 (NYLL § 198 claim based on equal pay discrimination).

Kairam also objects to the R&R's recommendation that Defendants be granted judgment on

---

[3] All Counts refer to those listed in the RSACC.

her sex discrimination claim to the extent it alleges sex discrimination based on membership interest. Pl. Obj. at 11–12. Her objection is based on evidence considered in the R&R. *See id.*; R&R at 20–21, 42–44. Reviewing for clear error, the Court finds none. Accordingly, the Court grants Defendants summary judgment on Count 3 (Title VII Discrimination) to the extent it alleges sex discrimination based on membership interest.

II.     ERISA Violation for Plan Year 2017

Both Kairam and Defendants object to the R&R's recommendation denying the parties' cross-motions for summary judgment on Kairam's ERISA claim. Reiterating arguments already considered in the R&R, Kairam contends that there is no dispute of fact that WSGI is a fiduciary within the meaning of ERISA for plan year 2017 and argues that summary judgment should be granted in her favor. Pl Objs. at 10–11. Defendants object to the R&R's recommendation on Kairam's ERISA claim by restating factual assertions already addressed in the R&R, including the extent of Defendants' control over Kairam's retirement plan. Defs. Objs. at 28–30. Because both Kairam and Defendants restate arguments already raised and considered in the R&R, the Court reviews for clear error.

As stated in the R&R, "[a]n entity is a 'fiduciary' of an employee benefit plan to the extent it exercises (1) discretionary authority, responsibility, or control over the management or administration of the plan or (2) any authority or control over the management or disposition of plan assets." *Hannan v. Hartford Fin. Servs.*, Inc., 688 F. App'x 85, 88 (2d Cir. 2017) (citing 29 U.S.C. § 1002(21)(A)); R&R at 29–30. Although an entity may be an ERISA fiduciary in certain matters, it may not be in others. *See id.* An ERISA claim preempts "all common law causes of action that relate to an employee benefit plan." *Watson v. Consol. Edison of N.Y.*, 594 F. Supp. 2d 399, 408 (S.D.N.Y. 2009) (citing 29 U.S.C. § 1144(a)). Because there remain questions of fact as to whether WSGI was a fiduciary, such as how much discretionary control it had, and even assuming it is a fiduciary, whether

5

it breached its duties, the Court finds no clear error in the R&R's conclusion that summary judgment is improper on Kairam's ERISA claim. *See* R&R at 31–33. The Court also finds no clear error in the R&R's conclusion that if an ERISA claim survives summary judgment, a common law cause of action that relates to WSGI's retirement plan, specifically, Kairam's breach of fiduciary duty claim in Count 23, cannot survive summary judgment as it is preempted.

Accordingly, the Court adopts the R&R's recommendation and denies the parties' cross motions for summary judgment on Kairam's ERISA claim. Count 23 (breach of fiduciary duty) to the extent it alleges breaches of fiduciary duty related to WSGI's retirement plan fails because it is barred by Kairam's ERISA claim.

### III.     The DTSA, Trade Secrets Misappropriation, and Unfair Competition

Both Defendants and Kairam object to the R&R's recommendation denying the parties' cross motions for summary judgment on Kairam's DTSA and state law trade secret misappropriation claims. Kairam also objects to the R&R's conclusion that her unfair competition claim—to the extent it alleges Defendants misappropriated her trade secrets—is duplicative of her trade secrets claims.

The Court rejects Kairam's argument that the caselaw does not support a finding that the DTSA preempts her unfair competition claim. Pl Objs. at 12–13. Kairam notes that in the R&R on Defendants' motion to dismiss, Judge Aaron found that the overlap in the factual predicate underlying her unfair competition claim and her DTSA claim supported denying Defendants' motion on those claims. *Id.* at 12; *see also* MTD R&R at 28, ECF No. 123. Kairam also argues that because Defendants have not contended that Kairam's unfair competition claim is duplicative of any of her other claims, including her DTSA claim, the Court should not *sua sponte* dismiss the claim. *Id.* at 12.[4]

---

[4] Kairam also argues that the R&R's conclusions on her unfair competition, unjust enrichment, and quantum meruit claims rest on "erroneous facts." Pl. Objs. at 14–15. However, the parties raised arguments on which facts were and were not disputed, and the R&R considered those arguments under the appropriate standard of review for summary judgment.

Defendants object to the R&R's conclusion that Kairam's DTSA and misappropriation of trade secret causes of action should survive summary judgment on the ground that Judge Aaron misapplied the factual record. Defs. Objs. at 21–26.

Because Kairam's objections were not considered in the R&R, the Court reviews the R&R's recommendation *de novo*. Because Defendants' objections restate factual assertions and arguments already considered, or are otherwise conclusory, the Court reviews the R&R's recommendation for clear error.

As it relates to Kairam's objections, Judge Aaron's previous determination that her unfair competition and DTSA claims share a factual predicate was made at the motion to dismiss stage of the litigation, where he correctly determined whether Kairam had plausibly made a claim upon which relief can be granted. *See* MTD R&R at 5–6; *see also* ECF No. 134 at 8–9 (order adopting R&R in part, including adopting Judge Aaron's conclusion that Kairam "adequately pleaded her claim for unfair competition" because at least part of the underlying factual predicate is the same as the misappropriation element of her DTSA claim). But "the standard Judge [Aaron] relied on to deny Defendants' motion to dismiss the [RSACC] is different from the standard the Court must utilize in analyzing the current motion for . . . summary judgement." *LPD New York, LLC v. Adidas Am., Inc.*, No. 15 Civ. 6360, 2022 WL 4450999, at *11 n.8 (E.D.N.Y. Sept. 24, 2022). And "a decision on a motion to dismiss does not dictate the law of the case on a subsequent motion for summary judgment after discovery." *Id.* (citing *Golden Pac. Bancorp v. F.D.I.C.*, No. 95 Civ. 9281, 2003 WL 21496842, at *5 n.14 (S.D.N.Y. June 27, 2003), *aff'd* 375 F.3d 196 (2d Cir. 2004)). To make a claim of unfair

---

*See* R&R at 54–58. To the extent Kairam purports to raise new arguments and factual assertions, the Court does not consider them as objections to the R&R. Accordingly, reviewing the restated arguments for clear error, the Court finds none in the R&R's well-reasoned determination that even "construing the evidence in a light most favorable to [Kairam], and drawing all inferences in her favor, there are issues of fact that preclude summary judgment." *See* R&R at 58.

competition under New York law, a plaintiff must show "that the defendant has *misappropriated* the labors and expenditures of another . . . in bad faith." *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980) (emphasis added). To make a claim for trade secret misappropriation under the DTSA, a plaintiff must show that "(1) it possessed a trade secret, and (2) the defendant *misappropriated* the trade secret." *eShares, Inc. v. Talton*, 727 F. Supp. 3d 482, 491 (S.D.N.Y. 2024) (emphasis added). To make a claim under New York law for trade secret misappropriation, the elements are "practically identical" to a DTSA claim, and a plaintiff must show that "it possessed a trade secret," and that the "defendant is using that trade secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means." *Catalyst Advisors, LP v. Catalyst Advisors Invs. Glob. Inc.*, No. 21 Civ. 4855, 2024 WL 522751, at *17 (S.D.N.Y. Feb. 9, 2024) (citation omitted). "As the elements for liability under both overlap almost entirely, courts have analyzed both sets of claims in tandem at the summary judgment stage," and have denied summary judgment on both the DTSA and state law trade secret misappropriation where an issue of material fact exists. *Id.* at *17 n.11, 23.

Here, as Kairam correctly argues, the "DTSA does not [pre-empt] or displace state trade secret law remedies," *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Group, Inc.*, 68 F.4th 792, 808 (2d.Cir. 2023), which allows both a DTSA and state law trade secret misappropriation claim to survive summary judgment, as they do here. But unfair competition is different: When a plaintiff "does not allege any acts of unfair competition separate from the acts forming the basis of its other claims . . . [it] will be dismissed as duplicative." *Rocket Pharms., Inc. v. Lexeo Therapeutics, Inc.*, No. 23 Civ. 9000, 2024 WL 3835264, at *9 (S.D.N.Y. Aug. 14, 2024). To support her cause of action for unfair competition, Kairam claims the bad faith act of Defendants was their alleged misappropriation of her trade secrets. *See* Pl.'s 56.1 ¶¶ 51–52, ECF No. 430-1. Because those allegations of misappropriation

of her trade secrets are also encompassed in her DTSA and state law trade secret misappropriation claim, Kairam's unfair competition cause of action is duplicative of those claims. The R&R reached the same conclusion, *see* R&R at 54 & n.39, and the Court adopts it. Additionally, "[t]he Court is empowered to dismiss claims that are duplicative," *McFadden v. Keyser*, No. 23 Civ. 802, 2025 WL 846371, at *4 (S.D.N.Y. Mar. 18, 2025), and may do so *sua sponte*, *Dipinto v. Westchester Cnty.*, No. 18 Civ. 793, 2020 WL 6135902, at *9 (S.D.N.Y. Oct. 19, 2020).

As it relates to Defendants' objections, the Court finds no clear error in the R&R's conclusion that because issues of material fact remain as to the elements of Kairam's DTSA and state trade secret misappropriation claims, including, for example, disputes about whether Kairam possessed a trade secret and whether it was misappropriated, summary judgment must be denied on those claims. *See* R&R at 25–29.[5]

Accordingly, the Court adopts the R&R's recommendation that Defendants' motion for summary judgment on Kairam's DTSA claim against WSGI (Count 4) and her trade secret misappropriation claims (Counts 14 and 27) be denied and adopts the R&R's recommendation that judgment be granted to Defendants on that portion of Kairam's unfair competition claim (Counts 10 and 26) that alleges Defendants misappropriated her trade secrets.

IV. <u>Tortious Interference</u>

Kairam objects to the R&R's recommendation that summary judgment be granted to Defendants on her tortious interference claim because she disputes the R&R's finding on a factual

---

[5] Because the R&R concluded that there are issues of material fact that exist as to whether Kairam's trade secrets were misappropriated under the DTSA and state law, it also concludes that summary judgment cannot be granted to Defendants on Kairam's unjust enrichment and quantum meruit claims about that same disputed trade secret—Kairam's work on the billing committee. *See* R&R at 57–58. Defendants object to this conclusion, restating arguments they already raised in the R&R regarding Kairam's work on the billing committee. *See* Defs. Objs. at 26–27. The Court thus reviews this recommendation for clear error. Because there are issues of material fact with respect to whether Kairam possessed a trade secret, the Court adopts the R&R's conclusion that the Court cannot grant summary judgment on other claims, including Kairam's unjust enrichment and quantum meruit claims, on the basis of those same disputed facts.

assertion that she has already made, and that the R&R addressed. Pl. Objs. at 16. The Court, reviewing for clear error, finds none, because Judge Aaron weighed the evidence presented and determined which facts were disputed under the summary judgment standard of review. *See* R&R at 62–64. The Court adopts the R&R's recommendation granting Defendants' summary judgment on Kairam's tortious interference claim (Count 29).

V. <u>Employee Status Under the EPA, the ADEA, Title VII, the NYSHRL, and the NYCHRL</u>

Defendants argue that because Kairam is not an employee within the meaning of the ADEA, EPA, Title VII, NYSHRL, and NYCHRL, they should be granted judgment with respect to Kairam's claims under these statutes. Defs. Objs. at 7–11. Defendants have already raised this argument, and to the extent that, as explained below, the R&R addressed them, the Court reviews for clear error. Where the R&R did not consider those arguments, the Court reviews *de novo*.

A. EPA

Judge Aaron determined that he need not reach the issue of whether Kairam is an employee within the meaning of the EPA because he found that she could not state a claim under the EPA for pay discrimination regardless. R&R at 18. As discussed above, the Court finds no clear error in the R&R's conclusion with respect to Kairam's EPA claim and, therefore, adopts the R&R's conclusion.

B. Title VII and the ADEA

Judge Aaron already considered the parties' arguments about whether there is a genuine dispute of material fact as to whether Kairam is an employee of WSGI under Title VII. R&R at 38–41. The R&R also concluded that the ADEA requires the same standards to determine whether a plaintiff is a covered employee. *Id.* at 51 n.36. When determining if a plaintiff is an employee, the Court will consider a non-exhaustive list of factors, but "the common-law element of control is the principal guidepost that should be followed." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 371 (2d Cir.

2006) (citation omitted). Reviewing the evidence in the light most favorable to Kairam, the R&R concluded that there was a dispute of material fact as to Kairam's employee status, including, for example, the amount of control WSGI exercised over Kairam. R&R at 40–41. Judge Aaron recommended, therefore, that summary judgment be denied, to the extent her claims do not concern sex discrimination based on membership shares because, as stated above, Kairam's allegation of sex discrimination on that ground fails. *See* R&R at 20, 40–41; *see also infra* Section I. Because Defendants have failed to show that no genuine issue of fact exists as to Kairam's employment under Title VII (Count 3) and the ADEA (Count 2), the Court sees no clear error in the R&R's recommendation to deny summary judgment and, therefore, adopts it.

C. NYSHRL and NYCHRL

The R&R did not explicitly analyze Kairam's employment status as it relates to her NYSHRL cause of action and instead incorporated its analysis under Title VII and the ADEA. *See* R&R at 51. The R&R also did not address Kairam's employee status under the NYCHRL. A claim under the NYSHRL is analyzed under the Title VII framework. *See Dowrich-Weeks v. Cooper Square Realty, Inc.*, 535 F. App'x 9, 11 n.2 (2d Cir. 2013). Under "Title VII and other employment discrimination statutes," including the NYSHRL, "the definitions of employee, employer, and employment are to be determined under the common law of agency" when the applicable statute does not provide relevant definitions. *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008). Although the NYCHRL offers "broader protection than its NYSHRL counterpart" in some respects, *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 194 A.D.3d 999, 1004 (N.Y. App. Div. 2021), federal courts have similarly looked to common law agency principles to determine who is an employer within the meaning of the statute. *See White v. Pacifica Found.*, 973 F. Supp. 2d 363, 376–77 (S.D.N.Y. 2013) ("Because the NYCHRL does not define 'employee,' the common law definition applies.")

11

Here, with respect to Kairam's Title VII cause of action, the R&R analyzed the question of whether Kairam is an employee under common law agency principles and found that there exists a triable issue of fact, including as to the extent of Defendants' control over her. The Court adopts the R&R's recommendation that summary judgment be denied because there exists a triable issue of fact as to whether Kairam is an employee within the meaning of the NYSHRL (Counts 5, 18, and 24) and NYCHRL (Counts 6, 19, and 25).

    VI.    <u>Title VII, NYSHRL, and NYCHRL Race, Color, and National Origin Discrimination and Retaliation Claims</u>

Defendants object to the R&R's recommendation denying summary judgment on Kairam's Title VII, NYSHRL, and NYCHRL discrimination claims relating to race, color, and national origin discrimination based on WSGI's alleged failure to refer cases from another medical practice to Kairam, Defs. Objs. at 11–16, and based on retaliation, *see id.* at 16–19.[6] Because Defendants reiterate factual assertions and arguments addressed in the R&R, the Court reviews the R&R for clear error. The R&R considered the factual assertions and arguments Defendants now make again in their objections, as well as "the record as a whole in the light most favorable" to Kairam and found a "genuine issue of material fact" as to whether Kairam was discriminated against because of a protected characteristic. R&R at 43–44, 47. Because issues of material fact preclude summary judgment, the Court finds no clear error in the R&R's recommendation.

Accordingly, the Court adopts the R&R's recommendation denying Defendants' motion on summary judgment as to Kairam's claims of race, color, and national origin discrimination and

---

[6] Defendants also object to the R&R's refusal to consider an argument raised for the first time on a reply and now attempt to restate that argument in their objections. *See* Defs. Objs. at 18–19; R&R at 50–51. Arguments raised for the first time in a reply are not properly before the court, *see Enechi v. City of New York*, No. 20 Civ. 8911, 2023 WL 6293941, at *4 (S.D.N.Y. Sept. 27, 2023), and new arguments are not objections to the R&R, *see Jones*, 2015 WL 1439406, at *1 (S.D.N.Y. Mar. 30, 2015).

retaliation under Title VII (Counts 3 and 17), the NYSHRL (Counts 18 and 24),[7] and the NYCHRL (Counts 6, 19, and 25).

VII.  NYSHRL, NYCHRL, and ADEA Age Discrimination

Defendants object to the R&R's recommendation that Kairam's ADEA hostile work environment claim should survive summary judgment notwithstanding a grant of summary judgment for Defendants on Kairam's age discrimination claims under the NYSHRL and NYCHRL.  Defs. Objs. at 16, 19–20.  Defendants restate arguments already considered in the R&R and cite the R&R's conclusion that Kairam "has proffered no evidence of age discrimination."  *See id.*  The Court reviews for clear error.  The R&R concluded that Kairam had not proffered evidence of whether she suffered an age-discriminatory *adverse employment action* under the ADEA, and did not address the sufficiency of evidence raised as it relates to Kairam's *hostile work environment* claim under the ADEA because Defendants did not move for summary judgment on that claim.  *See* R&R at 37–38.  The Court finds no clear error in the R&R's recommendation that the ADEA hostile work environment (Count 2) remain.  Defendants cannot now argue for summary judgment or dismissal on Kairam's ADEA hostile work environment claim.

VIII.  Waste Claim

Defendants object to the R&R's conclusion that they have failed to show they are entitled to judgment as a matter of law on Kairam's waste cause of action.  *See* Defs. Objs. at 27–28.  The Court rejects Defendants' argument that they are entitled to summary judgment under the law of the case doctrine.  This argument was already considered by Judge Aaron, so the Court reviews for clear error.  The R&R noted that the Court has only addressed Kairam's waste allegations in the context of her

---

[7] Count 5 is a claim of sex discrimination under the NYSHRL.  The Court has granted judgment to Defendants on this claim, as discussed above.

13

breach of fiduciary duty claims. *See* R&R at 61. Because the Court has not yet decided the merits of a standalone state law waste claim (Counts 14 and 27), there is no "law of the case" on this issue. *See Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, No. 23 Civ. 3454, 2024 WL 989841, at *6 (S.D.N.Y. Mar. 7, 2024) (citation omitted). The Court sees no clear error in the R&R's recommendation denying Defendants summary judgment and adopts it accordingly.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES all objections and ADOPTS the R&R in FULL. Accordingly, the Court:

1. DENIES Kairam's motion for partial summary judgment; and
2. GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment.

Judgment is granted to Defendants on the following claims:

1. Counts 1, 15, and 21 (EPA claims);
2. Count 2 (ADEA discrimination claim), except to the extent it alleges discrimination based on an age-related hostile work environment;
3. Count 3 (Title VII discrimination claim), only to the extent it alleges sex discrimination based on membership interest;
4. Counts 5 and 24 (NYSHRL discrimination claims), only to the extent they allege sex discrimination on or prior to October 10, 2019, based on membership interest;
5. Counts 10 and 26 (unfair competition claims);
6. Counts 12 and 32 (unjust enrichment and quantum meruit claims), except with respect to Kairam's claims that she did not receive payment for her work on the billing committee;
7. Count 13 (NYLL § 198 claim), to the extent it is based upon an equal pay-related allegation;

14

8. Counts 14 and 27 (conversion, misappropriation, and waste claims), except with respect to Kairam's claims for misappropriation of her trade secret and waste;

9. Count 23 (breach of fiduciary duty claim), to the extent it relates to WSGI's retirement plan; and

10. Count 29 (tortious interference with contract claim).

The Court ADOPTS the R&R's conclusion as to the claims that now remain following the Court's partial grant of Defendants' summary judgment motion. R&R at 68–69. Accordingly, the following claims survive summary judgment:

1. Kairam's age-related hostile work environment claim under the ADEA (part of Count 2);

2. Kairam's Title VII discrimination claim with respect to her allegations of race, national origin, and/or sex discrimination based on referrals from the Gould practice (part of Count 3);

3. Kairam's DTSA claim (Count 4);

4. Kairam's age discrimination claims under the NYSHRL and NYCHRL (parts of Counts 5, 6, 24, and 25);

5. Kairam's NYSHRL discrimination claims with respect to her allegations of race, national origin, and/or sex discrimination based on referrals from the Gould practice, as well as with respect to sex discrimination on or after October 10, 2019, based on membership interest (parts of Counts 5 and 24);

6. Kairam's NYCHRL discrimination claims (Count 6 and part of Count 25);

7. Kairam's breach of contract claim (Count 7);

8. Kairam's unjust enrichment and quantum meruit claims with respect to her work on the billing committee (parts of Counts 12 and 32);

9. Kairam's alternative NYLL § 198 claim (part of Count 13);

10. Kairam's common law misappropriation of trade secrets and waste claims (parts of Counts 14 and 27);

11. Kairam's retaliation claims (Counts 16, 17, 18, and 19 and the retaliation-related parts of Counts 24 and 25);

12. Kairam's ERISA claims (Counts 20 and 31); and

13. Kairam's breach of fiduciary duty claim to the extent it raises issues unrelated to WSGI's retirement plan (part of Count 23).

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 437, 438, 446, 447, and 489.

SO ORDERED.

Dated: September 30, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge