USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

Plaintiff,

-against-

WEST SIDE GI, LLC,

Defendant.

18 Civ. 1005 (AT) (SDA)

INDIRA KAIRAM, M.D.,

Plaintiff,

-against-

WEST SIDE GI, LLC,

Defendant.

19 Civ. 953 (AT) (SDA)

INDIRA KAIRAM, M.D.,

Plaintiff,

-against-

PETER DISTLER, M.D. and RICARDO E. POU, M.D.,

Defendants.

20 Civ. 9141 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

On June 21, 2025, the Honorable Stewart D. Aaron issued a report and recommendation ("R&R") recommending that Plaintiff's partial motions for summary judgment be denied, and that Defendants'—Peter Distler, M.D., Ricardo Pou, M.D., West Side GI, LLC ("WSGI")—motion for summary judgment be granted in part and denied in part. *See* R&R at 67–69, ECF No. 481. On September 30, 2025, the Court adopted the R&R over objections from both parties. *See* Order, ECF No. 493. Both parties filed motions for partial reconsideration, which are now before the Court. *See* Defs. Mot., ECF No. 496; Defs. Mem., ECF No. 498; Pl. Opp., ECF No. 502; Defs. Reply, ECF No.

503; Pl. Mem., ECF No. 500; Defs. Opp., ECF No. 501; Pl. Reply, ECF No. 504. For the reasons stated below Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

## LEGAL STANDARD

It is "well-settled" that litigants may not use a motion for reconsideration filed under Rule 59(e) as a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Id.* (citation omitted); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (explaining that reconsideration should be granted "only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))).

## DISCUSSION[1]

### I. Defendants' Motion for Reconsideration

Defendants ask the Court to reconsider that portion of its order denying summary judgment on Plaintiff's claims "for sex discrimination based on membership share" under the New York State Human Rights Law ("NYSHRL")[2] and New York City Human Rights Law ("NYCHRL"). Defs. Mem. at 9. Defendants argue that the Court erred by on the one hand granting Defendants summary judgment on Plaintiff's Equal Pay Act ("EPA") and Title VII sex discrimination claims based on her

---

[1] The Court presumes familiarity with the facts and procedural history of this action, *see* R&R at 2–8, and recites only key facts and procedural details in connection with the parties' motions below.

[2] The Court previously dismissed Plaintiff's NYSHRL sex discrimination claims on or before October 10, 2019 based on membership interest. *See* Order at 14. Defendants thus seek dismissal of the NYSHRL sex discrimination claims from October 10, 2019 onward based on membership interest, which survived Defendants' motion for summary judgment. *See id*. at 15.

membership share, while on the other denying summary judgment on Plaintiff's NYSHRL and NYCHRL claims predicated on the same theory of sex discrimination. *See id.* at 5. Specifically, Defendants point to the R&R's analysis of the EPA claim, which found that "Plaintiff has not identified any evidence from which a reasonable jury could find that the allocation of shares was discriminatory." R&R at 20; *see also id.* at 43 (recommending summary judgment for Defendants on the Title VII membership share sex discrimination claim because "Plaintiff has not presented anything more [than a disparity] from which a reasonable jury could find that she was allocated fewer shares because of her sex"). Defendants argue that if the Court, in adopting the R&R with respect to the EPA and Title VII claims, concluded that there is no evidence from which a reasonable jury could find that the membership share offered to Plaintiff was discriminatory, then that finding must also apply to the Court's analysis of the NYSHRL and NYCHRL sex discrimination claims based on membership share. Plaintiff argues that "differences in the laws require[s] different consideration of the evidence." Pl. Opp. at 2.

To state a claim for discrimination under the NYCHRL, a plaintiff must plausibly allege that they have been treated "less well" because of a protected characteristic. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102, 110 (2d Cir. 2013). Plaintiff is correct that the NYCHRL[3] requires the Court to analyze NYCHRL claims separately and independently from federal Title VII or EPA claims. Indeed, federal civil rights statutes "serve only 'as a *floor* below which the [NYCHRL] cannot fall,'" *id.* (emphasis in original) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)), and district courts must construe "the NYCHRL's provisions 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible,'" *id.* at 109

[3] The NYSHRL, as amended October 10, 2019, adopts the same standard for sex discrimination claims as the NYCHRL. *See, e.g.*, *Khademi v. Aanika Biosciences, Inc.*, No. 24 Civ. 5130, 2025 WL 1787046, at *12 (E.D.N.Y. June 28, 2025).

(quoting *Albunio v. City of New York*, 16 N.Y.3d 472, 477–78 (2011)); *see Simmons v. Akin Gump Strauss Hauer & Feld, LLP*, 508 F. App'x 10, 13 (2d Cir. 2013) (explaining that the NYCHRL is "intended to provide a remedy reaching beyond those provided by the counterpart federal civil rights laws"). An employer is entitled to summary judgment on an NYCHRL claim, "only if the record establishes as a matter of law that discrimination played no role in its actions." *Id.* (cleaned up).

The Court, therefore, rejects Defendants' contention that the R&R's finding that "Plaintiff has not identified any evidence from which a reasonable jury could find that the allocation of shares was discriminatory" necessarily requires the Court to reach the same conclusion as to her claims under the NYCHRL. That said, "[a]lthough the NYSHRL and NYCHRL grant[] employees broader protections than its federal and state counterparts, 'a plaintiff must still link the adverse employment action to a discriminatory motivation.'" *Kops v. PPM Am., Inc.*, No. 15 Civ. 1584, 2016 WL 7188793, at *5 (S.D.N.Y. Dec. 5, 2016) (quoting *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 258 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013)); *see also Valerio v. Metro. Transportation Auth.*, No. 24-1614, 2025 WL 686028, at *4 (2d Cir. Mar. 4, 2025) (affirming dismissal of NYCHRL and NYSHRL claims when plaintiff "has not produced any admissible evidence of direct unlawful discriminatory intent or disparate treatment"); *Ebadi v. Diamond Standard Inc.*, No. 24 Civ. 103, 2026 WL 591569, at *9 (S.D.N.Y. Mar. 3, 2026) (granting summary judgment because plaintiff did not present sufficient evidence to show that gender played a role in a pay disparity).

The Court, after reviewing the R&R, the parties' briefs, and the record finds that Plaintiff has failed to link the purported disparity in membership shares to evidence of Defendants' discriminatory motive. Contrary to Plaintiff's claim that "[t]he R&R specifically cited evidence which supports Plaintiff's claims under the NYCHRL and amended NYSHRL standard," Opp. at 2, the R&R

ultimately cited evidence of the disparity alone, *see, e.g.*, R&R at 47. The Court finds the record evidence insufficient to create a triable issue of discrimination even under the more lenient NYCHRL standard. Defendants' motion for reconsideration of the Court's denial of summary judgment on Plaintiff's NYSHRL and NYCHRL sex discrimination claims based on membership share is, therefore, granted.[4]

II. Plaintiff's Motion for Reconsideration

Plaintiff moves the Court to "grant reconsideration and allow all the pay claims, including claims under the EPA, Title VII and related state law claims, to proceed to trial." Pl. Reply at 1. With respect to the dismissal of the EPA and NYLL § 198 claims (Counts 1, 13, 15, and 21), Plaintiff merely renews her arguments made in opposition to Defendants' motion for summary judgment. *Compare* Pl. Summ. J. Opp. at 2–10, ECF No. 463, *with* Pl. Mem. The Court's conclusions are unchanged. Plaintiff's EPA and NYLL § 198 claims fail because Plaintiff has not shown that she received less pay than her male counterparts for equal work.[5] *See* R&R at 18; Order at 3. The Court found that "distributions are not payment for a physician's procedures at WSGI but instead are based on membership share." Order at 3–4 (citing R&R at 20 & n.16). This means that any resulting monetary discrepancy Plaintiff faced is not tied to differential payment for work she performed and, therefore, she is precluded from establishing an EPA or NYLL § 198 claim. Plaintiff's "new evidence," claiming that Linden, M.D.,[6] a departing physician from WSGI will not be able to receive distributions after "decid[ing] to leave and start working at another facility" is unavailing. Mem. at

[4] This does not affect Plaintiff's other NYSHRL and NYCHRL discrimination claims that survived summary judgment, as laid out in the Court's Order. *See* Order at 15–16.
[5] Plaintiff devotes briefing to the argument that she is an employee within the meaning of both the EPA and NYLL *see* Pl. Mem. at 2–3, but Judge Aaron and the Court did not rely on this in ruling against her on both claims. *See* Order at 3.
[6] Neither party includes Linden's full name.

8–9. This "new evidence" does not change the Court's determination that distributions are not payment for a physicians' procedures at WSGI.

With regard to Plaintiff's Title VII and pre-October 10, 2019 NYSHRL claims, as previously stated, the Court finds that Plaintiff's only evidence of discrimination is a membership share disparity, without a showing of Defendants' discriminatory intent. This is fatal for Plaintiff's sex discrimination claims based on membership share. Further, Plaintiff may not buttress her sex discrimination claims by pointing to her exclusion from "health insurance and two different retirement plans" as a result of not having a 4% ownership interest in the WSGI. Mem. at 8. As the Court observed in its September 30, 2025 Order, Plaintiff made this argument for the first time in opposition to the R&R. *See* Order at 3 n.2. Plaintiff cites to a single line of her opposition to summary judgment to claim that she had properly raised the issue, *see* Pl. Summ. J. Opp. at 18, but the Court does not find this sufficient. The Court denies Plaintiff's motion for reconsideration.

## CONCLUSION

For the aforementioned reasons, Defendants' motion for reconsideration is GRANTED. Summary judgment is GRANTED to Defendants on Plaintiffs' NYSHRL discrimination claims with respect to sex discrimination on or after October 10, 2019, based on membership share (parts of Counts 5 and 24). Summary judgment is also GRANTED to Defendants on Plaintiffs' NYCHRL discrimination claims with respect to sex discrimination based on membership share (parts of Count 6 and 25). The rest of the Court's September 30, 2025 Order is unchanged.

By **October 9, 2026**, the parties shall provide the Court with a joint status update as to how they wish to proceed in this case. The status update shall include a request, if any, to participate in a follow-up settlement conference before Judge Aaron.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 496 and 499.

SO ORDERED.

Dated: September 24, 2026
New York, New York

ANALISA TORRES
United States District Judge