**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Indira Kairam, M.D.,**

**Plaintiff,**

**-against-**

**West Side GI, LLC,**

**Defendant.**

**1:18-cv-01005 (AT) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Indira Kairam, M.D. ("Plaintiff"), brings this consolidated action against Defendants West Side GI, LLC, ("WSGI"), Peter Distler, M.D. and Ricardo Pou, M.D. (collectively, "Defendants"), asserting claims arising from her membership in WSGI, an ambulatory surgical center for endoscopy procedures in Manhattan. (*See* Revised Second Amended Consolidated Complaint ("RSACC"), ECF No. 318.) Pending before the Court are Defendants' motion to reopen discovery for the purpose of the parties submitting supplemental expert reports (Defs.' 10/26/26 Not. of Mot., ECF No. 513) and Plaintiff's motion to supplement discovery. (Pl.'s 10/26/26 Mot., ECF No. 514.)

For the reasons set forth below, Defendants' motion is DENIED and Plaintiff's motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

## BACKGROUND

The factual and procedural backgrounds of this consolidated action are set forth in prior Court rulings, including *Kairam v. W. Side GI, LLC*, No. 18-CV-01005 (AT) (SDA), 2025 WL 2935321 (S.D.N.Y. June 21, 2025), *report and recommendation adopted*, 2025 WL 2778915 (S.D.N.Y. Sept.

30, 2025), *on reconsideration*, 2026 WL 2875106 (S.D.N.Y. Sept. 24, 2026), familiarity with which are presumed.

After multiple extensions, the deadline for fact discovery in this action was January 30, 2024 (*see* 1/9/24 Mem. End., ECF No. 399) and the deadline for expert discovery was July 26, 2024. (*See* 6/24/24 Order, ECF No. 423.) Plaintiff's damages expert, Renee Toback, Ph.D. ("Dr. Toback") issued Part I of her report on March 18, 2024, and Part II of her report on March 22, 2024, prior to the Court's decisions regarding the parties' dispositive motions.[1] (*See* Defs.' 10/26/26 Mem., ECF No. 513-1, at 5.)

On October 26, 2026, Defendants filed their instant motion seeking to reopen discovery for the purpose of "requiring Plaintiff to provide a supplemental expert report" from Dr. Toback, and "permitting Defendants to provide a supplement expert report in response." (*See* Defs.' 10/26/26 Mem. at 4.) Also on October 26, 2026, Plaintiff filed her instant motion seeking "an Order requiring Defendants to supplement discovery." (*See* Pl.'s 10/26/26 Mem., ECF No. 515, at PDF p. 4.)[2] On November 2, 2026, Plaintiff filed her opposition to Defendants' motion (*see* Pl.'s 11/2/26 Opp. Mem., ECF No. 522) and Defendants filed their opposition to Plaintiff's motion. (*See* Defs.' 11/2/26 Opp. Mem., ECF No. 521.) On November 5, 2026, Plaintiff timely filed her reply memorandum in further support of her motion. (*See* Pl.'s 11/5/26 Reply, ECF No. 523.) Defendants have not filed a reply memorandum in further support of their motion.

---

[1] The Court recognizes that Plaintiff's motion for clarification of the September 24, 2026 Order regarding the parties' motions for partial reconsideration (*see* Pl.'s 10/22/26 Mot., ECF No.511) remains pending before District Judge Torres.

[2] To avoid confusion, the Court provides citations to the PDF page numbers of Plaintiff's memorandum, since the first page of the memorandum following the Table of Authorities erroneously bears the number 2, as opposed to 1.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 16(b), district courts are required to enter scheduling orders that "limit the time to . . . complete discovery[.]" Fed. R. Civ. P. 16(b)(3)(A). "Reopening discovery after the discovery period has closed requires a showing of good cause." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991)). "In determining whether good cause to re-open discovery exists, courts consider six factors: (1) the imminence of trial; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *Marsh USA LLC v. Alliant Ins. Servs., Inc.*, No. 25-CV-05470 (JPO), 2026 WL 2364615, at *2 (S.D.N.Y. Aug. 14, 2026) (citation omitted). "The decision whether to reopen discovery is within a district court's discretion." *Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018).

Under Federal Rules of Civil Procedure 26(e), "[a] party who has . . . responded to [a] request for production . . . must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). "The duty to supplement applies to responsive documents that are created after a party has served a response to a discovery request." *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 260 (W.D.N.Y. 2013) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 76-77 (W.D.N.Y. 2011)); *see also*

*Ferring Pharm. Inc. v. Serenity Pharm., LLC*, 17-CV-09922 (CM) (SDA), 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019) ("The duty to supplement continues even after the discovery period has closed.").

## DISCUSSION

The Court first considers Defendants' motion to reopen discovery and then considers Plaintiff's motion to supplement discovery.

### I. Defendants' Motion

Defendants seek to reopen discovery and require Plaintiff to provide a supplemental expert report from her damages expert Dr. Toback, arguing that Dr. Toback's report contains irrelevant opinions, given the Court's rulings on the dispositive motions. (*See* Defs.' 10/26/26 Mem. at 4, 7.) In opposition, Plaintiff contends that Defendants' motion is not a discovery motion but rather "is an improper attempt to obtain an *in limine* ruling." (Pl.'s 11/2/26 Mem. at PDF p. 4.) The Court agrees with Plaintiff.

Rule 26 requires a party to disclose the identity of expert witnesses who will testify at trial and for that disclosure to be accompanied by a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). Defendants cannot dictate what opinions Plaintiff will offer at trial. Rather, if Defendants seek to challenge the opinions to be offered to the jury, they can do so later via an *in limine* or *Daubert* motion. Accordingly, Defendants' motion to reopen discovery is denied.

## II. Plaintiff's Motion

Plaintiff's motion asserts that Defendants are required to supplement discovery under Rule 26(e), due to "numerous recent developments that warrant supplementation." (Pl.'s 10/26/26 Mem. at PDF p. 4.) Plaintiff seeks three categories of documents: (A) a signed copy of WSGI's Amended and Restated Operating Agreement ("AROA"); documents related to the AROA; and deposition testimony relating to the AROA; (B) updated financial documents; and (C) settlement agreements. (*See* Pl.'s 10/26/26 Mem. at PDF pp. 7-12.) These are considered below.

### A. AROA-Related Discovery

Plaintiff argues that a draft of the AROA, dated May 20, 2026 (*i.e.*, almost five years after the events alleged in the RSACC), contained a provision that she refers to as "an illegal mandatory retirement policy[,]" which was agreed to by every other doctor and investor at WSGI, and that this is "direct evidence" of age-based animus. (*See* Pl.'s Mem. 10/26/26 Mem. at PDF pp. 2, 5-8; *see also* AROA § 4.3(b)(ii)(ee), Shieldkret 10/26/26 Decl. Ex. 1, ECF No. 518, at PDF p. 6.) Although the provision in question would not have applied to Plaintiff[3] and the provision later was removed from the AROA,[4] Plaintiff argues that she is entitled to supplemental discovery related to the AROA. (*See* Pl.'s Mem. 10/26/26 Mem. at PDF p. 9.)

---

[3] As Defendants point out in their opposition memorandum (*see* Defs.' 11/2/26 Opp. Mem. at 4-5), the so-called "illegal mandatory retirement policy" provision at issue – Section 4.3(b)(ii)(ee), which would have made turning 70 years of age a "Non-Adverse Termination Event" – explicitly applied only to Class A members joining WSGI after the AROA's effective date. (See AROA § 4.3(b)(ii)(ee) § 4.3(b)(ii)(ee).)

[4] Plaintiff states that "Defendants now claim that they changed the policy," citing to Exhibit 4 to the Shieldkret Declaration. (Pl.'s Mem. 10/26/26 Mem. at PDF p. 9.) Exhibit 4 is an email from WSGI's corporate counsel stating: "We removed the mandatory separation age of 70 years old." (7/2/26 Greenbaum Email, Shieldkret 10/26/26 Decl. Ex. 4, ECF No. 518, at PDF pp. 18-19.) Exhibit 5 is the red-lined version of the draft AROA reflecting that the provision was removed. (AROA Redline, Shieldkret 10/26/26 Decl. Ex. 5, ECF No. 518, at PDF pp. 21-22.)

Rule 26 only requires a party to supplement or correct its response when it is "incomplete or incorrect" in "some material respect[.]" Fed. R. Civ. P. 26(e)(1). Plaintiff has not shown that supplementation is required because she has not identified a discovery request to which this information is responsive for which Defendants have a duty to supplement. *See Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 357-58 (W.D.N.Y. 2011) ("Where a party was not required to make a disclosure, however, no supplementation is required.") (citing *Hnot v. Willis Group Holdings Ltd.,* No. 01-CV-06558 (GEL), 2006 WL 2381869, *5 (S.D.N.Y. 2006) (Rule 26(e) imposes a continuing obligation to amend responses only to enforceable requests for production)). Accordingly, her motion pursuant to Rule 26(e) is denied without prejudice.[5]

**B. <u>Updated Financial Documents</u>**

Plaintiff also seeks "updated financial and damages documents from Defendants – updates of the same kinds of documents Defendants produced during the action so Plaintiff can supplement her damages calculations." (Pl.'s 11/5/26 Reply at PDF p. 5.)[6] Again, Plaintiff does not provide the document requests as to which she seeks supplemental responses. Accordingly, Plaintiff's motion for supplemental discovery with respect to financial documents is denied without prejudice. Prior to filing any renewed motion, Plaintiff shall identify the particular documents requests or disclosures that she believes should be supplemented, and the parties shall meet and confer with respect to the subject document requests in an effort to reach

---

[5] If Plaintiff's motion were seeking to reopen discovery, rather than seeking supplementation of discovery, her motion fails to address the relevant legal standards. (*See* Legal Standards section, *supra*.)

[6] To avoid confusion, the Court provides citations to the PDF page numbers of Plaintiff's reply memorandum, since the first page of the memorandum following the Table of Authorities erroneously bears the number 2, as opposed to 1.

agreement regarding any responsive documents to be produced. If the parties are unable to agree, then Plaintiff may make a further application to the Court.

**C. <u>Settlement Agreements</u>**

As a final category, Plaintiff seeks settlement agreements between WSGI and Dr. Goldberg, Ms. Yolanda Peguero and Dr. Rieber, respectively, as well as information regarding "additional allegations of discrimination made, and any settlements, since Defendants last produced documents." (Pl.'s 10/26/26 Mem. at PDF p. 9.) Plaintiff asserts that the settlement agreement with Dr. Goldberg is "relevant to age discrimination[;]" that the settlement agreement with Ms. Peguero is "related to, *inter alia*, sex, race and national origin discrimination[;]" and that the settlement agreement with Dr. Rieber is "related to Defendants' failure to pay him." (*Id.*)

In her reply memorandum, Plaintiff asserts that "Defendants were already under an Order of this Court to produce the settlement agreements with Dr. Goldberg and Ms. Peguero[,]" (Pl.'s 11/5/26 Reply at PDF p. 4), referring to a prior Order of this Court where the Court directed Defendants to produce "documents responsive to Plaintiff's Request No. 33[7] limited to accusations by Dr. Goldberg of age discrimination and accusations by women of gender discrimination." (1/31/23 Order, ECF No. 291, ¶ 3; *see also* Pl.'s 11/5/26 Reply at PDF p. 12-13.) The Court finds that Defendants are required to supplement their response to Plaintiff's Request No. 33, as previously limited by the Court, to the extent that there are additional documents

[7] Plaintiff's Request No. 33 sought: "All communications and documents concerning any instance in which WSGI has ever been accused by any third party of discriminating against or judging another person or group of persons on the basis of gender, age, race, religion, ethnicity, or national origin." (Pl.'s 1/30/23 Letter, ECF No. 290, at 5.)

responsive to the request regarding accusations by Dr. Goldberg of age discrimination and accusations by women of gender discrimination, including any settlement agreements.

However, with respect to Dr. Rieber, Plaintiff has not identified any document request made during the discovery period to which any settlement agreement with Dr. Rieber would have been responsive. Accordingly, if Plaintiff seeks supplemental discovery regarding any settlement agreement with Dr. Rieber, she must identify the particular documents requests or disclosures that she believes should be supplemented, and the parties shall meet and confer in an effort to reach agreement regarding any responsive documents to be produced. If the parties are unable to agree, then Plaintiff may make a further application to the Court.

## CONCLUSION

For the foregoing reasons, Defendants' motion (ECF No. 513) is DENIED. Plaintiff's motion (ECF No. 514) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART, as follows:

1. No later than December 1, 2026, Defendants shall produce any additional documents responsive to Plaintiff's Request No. 33 regarding accusations by Dr. Goldberg of age discrimination and accusations by women of gender discrimination, including any settlement agreements.
2. Plaintiff's motion otherwise is denied without prejudice.
3. No later than December 1, 2026, Plaintiff shall file any renewed motion with respect to AROA-related discovery, financial documents or any settlement agreement with Dr. Rieber.

**SO ORDERED.**

Dated: November 11, 2026
New York, New York

Stewart d. Aaron

**STEWART D. AARON**
**United States Magistrate Judge**